## 42817. VICK v. THE STATE.

PANNELL, Judge. 1. No written request to charge on the credibility or impeachment of witnesses having been made, the failure to charge thereon affords no sufficient reason for the grant of a new trial. *Horton v. State,* 120 Ga. 307 (47 SE 969).

2. The defendant insists that under the evidence he was guilty either of murder or justifiable homicide, and that it was error for the court to charge the law of voluntary manslaughter; however, the defendant can take no advantage thereof, inasmuch as it appears that the court was requested by his counsel in writing to charge the law on that subject. It is well settled that a party can not obtain a reversal for errors which he himself committed, or for an error which he has invited. *Quattlebaum v. State,* 119 Ga. 433 (46 SE 677).

3. If immediately before the homicide the defendant husband saw his wife in a car with a man with whom (according to defendant's statement) the wife had told the husband she had had illicit intercourse on occasions, and there was other evidence that the man lived in an adjoining apartment to the wife, that she was repeatedly seen in this apartment late at night in nightclothes, that she (according to defendant's statement) came into their apartment at 5 a.m., after an unexplained absence, attired in her nightgown and underpants, and she refused to explain; that the defendant left and went out of town; and upon returning to Savannah and while at a filling station saw her in a car with this man, and the defendant rushed out of the filling station, shot at her in the car, that she jumped out and ran and he pursued her and killed her. *Held:*

Admissions by a wife to her husband of an adulterous relationship with another man, coupled with conduct, or conduct alone, may authorize the jury to find a voluntary manslaughter verdict. *Campbell v. State,* 204 Ga. 399, 403 (49 SE2d 867). The evidence here clearly shows such an admission coupled with conduct of the wife sufficient to have authorized the jury's verdict.

In all cases of voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of delibera-

tion or malice, either express or implied. What circumstances will present this equivalence, and justify the excitement of passion, and exclude all ideas of deliberation or malice, the law does not undertake to say; it furnishes a standard, and leaves the jury in each case to make the comparison, and determine whether the special facts of the case before them come up to that standard or not. The evidence in this case amply supported the jury's determination that the standard had been met. The denial of the new trial must be affirmed.

*Judgment affirmed. Bell, P. J., and Joslin, J., concur.*

SUBMITTED MAY 1, 1967—DECIDED JUNE 8, 1967— REHEARING DENIED JUNE 19, 1967—

*Sullivan & Herndon, John J. Sullivan,* for appellant.

*Andrew J. Ryan, Jr., Solicitor General, Andrew J. Ryan, III,* for appellee.