## MAJORS *v.* STATE OF INDIANA.

[No. 1268S207. Filed October 22, 1969. No petition for rehearing filed.]

*Frederick J. Graf*, Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Murray West*, Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged by indictment on two counts, first degree burglary and first degree arson. Trial was had before the court and the judge made a direct finding of not guilty upon defendant's motion at the conclusion of the state's case on count one, the first degree burglary charge. Appellant was found guilty on the second count of first degree arson and was sentenced to the Indiana Reformatory for not less than two (2) nor more than fourteen (14) years and costs. This appeal followed.

The evidence most favorable to the state discloses the following: A house owned by one Fred Baumiester, located at 1608 South Harlan Street in Indianapolis, Indiana, burned on July 30, 1967. The tenants occupying the house were absent at the time of the fire, having left town for the week-end the Friday before. Appellant and his family lived across the street.

On the evening of the fire, a neighbor observed appellant, his brother and one other person walking toward the house which burned, approximately one-half to three-quarters of an hour before the fire was discovered. This same witness testified that shortly after the fire she indicated to some neighbors who had gathered to watch, that she suspected foul play and wanted to call either the police or fire department. Appellant was apaprently standing nearby and threatened to burn her house next "if she wasn't careful." Further, appellant admitted to police officer Stark, in a conversation a couple of days after the fire, that he was in the house just prior to the fire and that a fellow named "Jack" started the fire in his presence. Also appellant had a radio in his possession, which according to its owner was inside the house before the fire. Finally, there was expert testimony to the effect that the fire was an arson or "set" fire.

The issues as framed by appellant's motion for new trial and brief submitted to this court raise three questions with which we must concern ourselves: (1) denial of the right to a speedy trial; (2) double jeopardy; and (3) sufficiency of the evidence and the related issue of variance in the proof.

We turn first to appellant's contention that he was denied the right to a speedy trial as guaranteed by our Constitution Art. 1 § 12. On August 1, 1967, appellant was arrested and allegedly charged in the Municipal Court of Marion County with first degree burglary and first degree arson (cause #4-8433). On September 4, 1967, that court found appellant not guilty of first degree burglary but he was bound over by the Marion County Criminal Court

and on October 17, 1967, an indictment was returned with the charges of first degree burglary and first degree arson (cause #CR-67-1212). On the date set for trial, December 26, 1967, the state filed a Motion to Dismiss on both counts for lack of evidence and the court sustained the motion. Appellant had been incarcerated from August 1 to December 26, 1967, but apparently was dismissed on December 26. On March 29, 1968, appellant was re-indicted on the identical charges as above set out and a conviction on that indictment as to the first degree arson charge is the basis for this appeal.

Appellant contends that the time from his arrest in August until April 17, 1968, at which time he requested his first continuance, was a period of time in excess of eight months and, therefore, violated his right to speedy trial under Supreme Court Rule 1-4D, which he contends requires that the defendant be tried before the lapse of six months.

We cannot agree. The first paragraph of the rule requires that the defendant be

> "*detained in jail* . . . for a continuous period embracing more than six [6] months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (which ever is later.)" (our emphasis).

Here appellant was incarcerated from August 1, 1967, to December 26, 1967, or a period of approximately five months. He was then released. Later, on March 29, 1968, he was re-arrested on the second indictment. It is not evident from the record how long appellant was in jail, if indeed at all, on the second arrest and appellant fails to allege that in fact he was again incarcerated. We are not inclined to here hold that appellant must be held for a *continuous* period of six months to satisfy the requirements for a discharge under the first paragraph of Rule 1-4D, *supra*. To do so would enable the state to hold a prisoner just short of six months, release him and then on re-arresting the same

man on the identical charge hold him for another period of time just short of the six months. In resolving the speedy trial issue it would appear that any time spent in prison under a prior arrest for the same charge would be counted in computing the six months incarceration required for discharge under the first paragraph of Rule 1-4D, *supra*. The similar result has been reached by this court when computing the time a defendant may be held on recognizance before a discharge is proper where the defendant had been previously indicted on the same charge. *Johnson v. State* (1969), 252 Ind. 79, 246 N. E. 2d 181. *State ex rel. Hasch v. Johnson Cir. Ct.* (1955), 234 Ind. 429, 127 N. E. 2d 600. Here, however, with no showing of an incarceration exceeding six months and no allegation that any other paragraph of Rule 1-4D, *supra,* has been violated, there is no basis to the contention that appellant's right to a speedy trial has been violated.

Appellant next argues that he has been placed in double jeopardy. In his brief he mentions both the proceedings in the Municipal Court and the proceedings in the Criminal Court on the first indictment and alleges that jeopardy attached, thereby rendering a trial on the second indictment a violation of his right against being twice placed in jeopardy. Again we cannot agree. As already noted, appellant was charged in the second indictment on two counts, first degree burglary and first degree arson. He was convicted on first degree arson. However, we note that the complaint filed in the Municipal Court and entered into evidence as Exhibit A relates only to the charge of burglary. Appellant's allegation that he was also charged with arson is not supported with any evidence whatsoever. Needless to say, if appellant wasn't charged with arson in that proceeding there can be no issue of double jeopardy as it relates to the Municipal Court proceedings. Even had the charge been identical the Municipal Court was without jurisdiction to try the defendant on a felony charge, *State ex rel. Hale v. Marion County Municipal Court (1955),* 234 Ind. 467, 127 N. E. 2d 897, and where such court does

not have jurisdiction a proceeding in that court will not bar a later proceeding in a court having proper jurisdiction:

"An accused is not put in jeopardy by a judgment of conviction which is void for lack of jurisdiction. When discharged thereunder he may again be arrested and prosecuted on the original indictment." *Slack v. Grigsby* (1951), 229 Ind. 335, 97 N. E. 2d 145, 148.

Further, appellant cannot complain of double jeopardy where, as here, there is a nolle prosequi entered on an indictment and later he is re-indicted on an identical charge providing jeopardy has not attached in the first proceeding. *Johnson v. State, supra. Winters v. State* (1927), 200 Ind. 48, 160 N. E. 294. Consequently, since there is no showing that jeopardy attached at the trial on the first indictment, held December 26, 1967, the mere fact that appellant was re-indicted on identical charges at a later date does not of itself constitute double jeopardy.

Finally, we must consider the sufficiency of the evidence. Appellant contends that there was a fatal failure of proof in that the indictment charged that the house allegedly burned by appellant belonged to one Erwin Baumiester. Appellant further notes that there was not one word of proof from or concerning Erwin Baumiester. Appellant concedes that one *Fred* Baumiester did testify but that it was not his property nor his dwelling house that appellant was charged with having set fire to and burned. Where such a variance between the indictment and proof appears, it is well established that in order to be considered fatal it must have misled the defendant in the preparation of his defense or be of such a degree as is likely to place him in double jeopardy as a result thereof. *DeBruler v. State* (1965), 247 Ind. 1, 210 N. E. 2d 666. *Roberts v. State* (1964), 245 Ind. 185, 197 N. E. 2d 304. *Madison v. State* (1955), 234 Ind. 517, 130 N. E. 2d 35. Here, the *address of the house* appeared in the indictment and there was no variance in

the proof on that fact. Consequently, the exact house could never have been in question and we can not imagine how an error as to the owner's first name, *given such address,* could have resulted in confusion sufficient to *mislead* appellant in the preparation of his defense on the charge of burning that house.

Appellant also contends that, taken as a whole, the evidence is insufficient to support the verdict of guilty. However, taking that evidence most favorable to the state, it is apparent that defendant was in the house just prior to the fire. There was expert testimony that the fire was an arson. Also a threat was made by appellant to a neighbor lady that if she were to interfere and call the police or fire department her house would be burned next. A reasonable inference from the foregoing evidence would be that appellant at least *participated* in the crime and such a finding is sufficient to uphold a conviction. *Bowling et. al. v. State* (1967), 248 Ind. 663, 230 N. E. 2d 439. *Workman v. State* (1939), 216 Ind. 68, 21 N. E. 2d 712.

For the foregoing reasons we would affirm the conviction.

Judgment affirmed.

Arterburn and Givan, JJ., concur; DeBruler, C. J., and Jackson, J., concur in result.

NOTE.—Reported in 251 N. E. 2d 571.