## 45697. SMITH v. THE STATE.

JORDAN, Presiding Judge. The defendant appeals from the overruling of his motion for a new trial after conviction and sentence for arson in the second degree. The sole issue before this court is the sufficiency of the evidence to support the conviction.

The defendant was the operator of a restaurant in Hapeville. The building in which his business was located was destroyed by fire during the early morning hours on Tuesday, October 7, 1969. It had been closed since the preceding Saturday. When observed by policemen at about 4 a.m. and 4:05 a.m. there was no evidence of fire in or around the building. About 4:05 a.m. a service station attendant on duty across the street from the restaurant saw the defendant, who was wearing dark trousers, a white shirt, and a red sweater, drive up to the restaurant in a 1962 Ford, leave the automobile, and enter the restaurant. He remained inside about five minutes without turning on any lights. The witness then heard an automobile door slam and saw the defendant drive away in the automobile. Some two or three minutes later this witness heard a sound which he described as like someone "tipping" over gravel, and also as the sound like dry wood burning. He continued to hear this sound and looked across the street and saw that the building was on fire. He notified the fire department at 4:17 a.m. The fire rapidly consumed the building despite the efforts of firemen who arrived moments later.

A trained and experienced arson investigator from the State Fire Marshal's office examined the scene on October 9, 1969, and located "two very definite hot spots" in the kitchen and storage room area, and reached the conclusion that the building had been destroyed by two separate and very hot, fast-moving fires. The evidence of the burning which he viewed indicated that "something foreign had been introduced" at a low level, and tended to eliminate a high level origin, as would be true of fire caused by an electrical shortage.

The defendant, in an unsworn statement to the jury, insisted that he was at his residence in bed and asleep until he received notice of the fire about 4:30 a.m. He also stated he had never owned a red sweater and "never did like red." An investigator testified that the defendant had admitted to him before the trial that he owned a red sweater. *Held:*

In our opinion the jury was authorized to conclude beyond a reasonable doubt that the fire was of incendiary origin, and that the defendant was the perpetrator. "It is not often possible to

make out a case of arson by direct proof establishing the corpus delicti or showing the connection of the defendant with the commission of the crime, for arson is seldom committed except at an hour when there is small chance that the criminal will be actually observed in the execution of his nefarious purpose, and it is also generally easy to commit the crime by stealth, with-out the help of an accomplice, without the beating of drums or blare of trumpets or any betraying noises; and therefore circumstances must generally be depended upon not only to show the guilt of the accused, but to establish the corpus delicti. . . If there be enough shown to convince the jury beyond a reasonable doubt that the guilt of the accused has been established to the exclusion of every other reasonable hypothesis, and no other reasonable hypothesis is suggested by the evidence, and there is nothing to indicate that the jury failed to accord to the defendant every consideration to which he was entitled, a reviewing court will not arbitrarily say that the conviction should be set aside." *Wade v. State,* 16 Ga. App. 163, 167 (84 SE 593). Also, see *Graves v. State,* 71 Ga. App. 96 (30 SE2d 212); *Lockhart v. State,* 76 Ga. App. 289 (45 SE2d 698).

   *Judgment affirmed. Eberhardt and Pannell, JJ., concur.*
ARGUED OCTOBER 5, 1970—DECIDED NOVEMBER 13, 1970—
REHEARING DENIED NOVEMBER 24, 1970.

*Miles B. Sams,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, John A. Nuckolls, Tony H. Hight,* for appellee.