46825.   RIDDINGS et al. v. THE STATE.

EBERHARDT, Judge. While the evidence strongly indicates a probability that the defendants may have caused the

burning of two houses, it is wholly circumstantial and does not exclude every other reasonable hypothesis. It appears that defendants' mother had rented one of the houses and moved into it but when the only water supply, a well, failed she had to move out and the landlord refused to make any adjustment or refund of the rent. There is no confession by the defendants. They do admit their presence in the vicinity of the houses about the time of the occurrence of the fire, but, testifying under oath, they deny any responsibility for or connection with the fire, or any knowledge as to how it may have started. There is not enough here to overcome the presumption that the fire was of accidental, rather than incendiary, origin (*West v. State,* 6 Ga. App. 105 (64 SE 130); *Pyant v. State,* 46 Ga. App. 490 (167 SE 922); *Hurst v. State,* 88 Ga. App. 798 (78 SE2d 80)), or to establish that the defendants were the criminal agency responsible for the fire.

*Judgment reversed. Bell, C. J., and Evans, J., concur.*
ARGUED JANUARY 4, 1972—DECIDED JANUARY 20, 1972.

*Robt. E. Andrews,* for appellants.
*Jeff C. Wayne, District Attorney, J. Nathan Deal,* for appellee.