MARY K. GLOVER v. STATE OF INDIANA.

[No. 2-1272A139. Filed September 13, 1973. Rehearing denied October 15, 1973.]

*Ferd Samper, Jr., Ferdinand Samper, Sr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Mary K. Glover was indicted for first degree arson. A vacant house at 3521 Caroline Street in Indianapolis, Indiana has been burned on the outside, south of the front entrance. Gasoline had been poured on the floor of the living room and on the outside of the house. The trial court found Mary K. Glover guilty of attempted arson which is an includable offense and sentenced her to six months at the Indiana Women's Prison.

Her motion to correct errors raises only one issue to be considered on appeal: sufficiency of the evidence to support the conviction by the trial court.

Our opinion concludes that the evidence was sufficient to support the conviction by the trial court. We affirm.

## II.

### STATEMENT OF THE FACTS

Mrs. Johnnie Duke lived at 3525 Caroline Street, Indianapolis, Indiana. At about 1:00 o'clock A.M. on September 16, 1969, she saw Mary K. Glover about to leave the yard of a vacant house at 3521 Caroline Street which was owned by a Raymond Wheeler. Within the next few minutes, Mrs. Duke saw Mary K. Glover make at least two more trips from her own home, located across the street, to the vacant house. Each time, Mary Glover disappeared behind some shrubbery located just in front of the vacant house. At no time did Mrs. Duke see Mary K. Glover carry anything with her which might have been used in setting the fire. Each of Mrs. Duke's observations were made from her kitchen window.

After these observations, Mrs. Duke called a neighbor, Mrs. Estelle Grady, and reported to her the strange behavior of Mary K. Glover. Later, Mrs. Duke awakened her husband, Jim Duke. She further testified that she did not see Mary K. Glover again until after the Fire Department arrived to extinguish the fire, but she did hear Mary K. Glover scream after her husband had fired a warning shot with his pistol.

Mr. Jim Duke, Mrs. Duke's husband, testified that he too saw Mary Glover go from her house toward the vacant house. He saw her disappear behind the shrubbery and then subsequently reappear and return to her own home. Mr. Duke fired a warning shot with his pistol and saw Mary Glover jump as if startled. He further testified that the fire erupted three to five seconds after he fired the warning shot.

The Duke's neighbor, Mrs. Estelle Grady, stated in her testimony that after her attention was aroused by the call from Mrs. Duke, she did not see Mary Glover until after Mr. Duke's warning shot. Mary Glover was in her own yard.

Additionally, the Dukes and Mrs. Grady related that other fires had been set in the neighborhood. In later testimony,

it was brought out that one of these fires was in a home next to Mary Glover's; another was in Mary Glover's home; and a third was in the home of Mary Glover's mother; each of the foregoing fires were of an incendiary origin. On cross-examination, Mary Glover admitted that she had been questioned by Fire Department officials concerning each of these fires. Earl Fullenwider of the Indianapolis Fire Department testified that when he arrived at the vacant house fire, a noticeable odor of gasoline emanated from both the outside and inside of the house. Fullenwider stated that the fire was of incendiary origin in his opinion.

In her defense, Mary Glover testified that she was in her home asleep at the time that she was supposedly seen traveling between the scene of the fire and her own home. Charles Glover, Mary Glover's brother-in-law who was living with Mary Glover and her husband at the time of the fire, testified that upon returning home he heard fire trucks approaching the area. He awoke his brother and Mary Glover. He admitted that he could not be certain that Mary Glover was asleep when he arrived home. He further testified that Mary Glover's nightgown was similar to that described by Mrs. Duke.

Mary Glover was indicted for first degree arson, found guilty by the trial court of attempted arson, and sentenced to six months at the Indiana Women's Prison.

## III.

### STATEMENT OF THE ISSUE

The only issue before this Court on appeal is whether the evidence in the record is sufficient to support the conviction of Mary Glover for attempted arson.

## IV.

### STATEMENT ON THE LAW

This Court will not weigh the evidence nor determine questions concerning the credibility of witnesses when reviewing the evidence. We will look only to that evidence most favorable to the State and the reasonable inferences therefrom. A conviction will be affirmed when there is substantial evidence of probative value from which the trier of fact could reasonably infer that Mary K. Glover was guilty beyond a reasonable doubt. *Walker* v. *State* (1973), 155 Ind. App. 404, 293 N.E.2d 35.

It is well established that a conviction may be supported by circumstantial evidence. *Walker* v. *State, supra; Miller* v. *State* (1972), 153 Ind. App. 54, 285 N.E.2d 843; *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N.E.2d 219. The specific test for the examination of circumstantial evidence has been recently restated by our Supreme Court in *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554, 556:

> "Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court. Stice v. State (1950), 228 Ind. 144, 89 N.E.2d 915; Petillo v. State (1950), 228 Ind. 97, 82 N.E.2d 623." See also *Finger* v. *State* (1973), 260 Ind. 148, 293 N.E.2d 25; *Walker* v. *State, supra; Haynes* v. *State* (1973), 155 Ind. App. 472, 293 N.E.2d 204.

Therefore, the task before this Court is to determine whether the circumstantial evidence and reasonable inferences drawn therefrom are insufficient as a matter law.

It is not necessary for the evidence to be of such probative value as to exclude every reasonable hypothesis of innocence

before this Court can affirm a judgment finding Mary Glover guilty. Mary Glover relies upon *Manlove* v. *State* (1968), 250 Ind. 70, 232 N.E.2d 874, 235 N.E.2d 62. *Manlove* v. *State, supra,* does establish a test for the review of circumstantial evidence, but this test has been limited in its application to fact situations where the evidence has been shown to provide only a mere suspicion or opportunity to commit a crime. *Dunn* v. *State* (1973), 260 Ind. 142, 293 N.E.2d 32. The evidence against Mary Glover establishes more than a mere opportunity or suspicion. The *McAfee* v. *State* test is applicable to this appeal.

We must look to the evidence presented to determine whether a reasonable inference in support of the finding of the trial court can be found. *McAfee* v. *State, supra.* The conclusion that such a reasonable inference exists seems inescapable. Two eyewitnesses saw Mary Glover make numerous trips between her home and the scene of the fire. A third witness saw her in her own yard during the same time span. Additionally, the fire at issue broke out only seconds after Jim Duke fired a warning shot and saw Mary Glover flee the scene. Mary Glover wore clothes on the night in question similar to those described by the witnesses which further supports an inference of guilt.

A review of the applicable case law in Indiana and other jurisdictions also supports an affirmance of this conviction. Mary Glover contends that the evidence in her conviction is parallel to the evidence before the Supreme Court of Indiana in *Myers* v. *State* (1954), 233 Ind. 66, 116 N.E.2d 839. In *Myers* v. *State, supra,* the evidence presented at trial established only that a fire of incendiary origin had been set and that Myers had a nonexclusive opportunity to set it. No evidence was presented to show that Myers was seen at the scene of the fire. The court reaffirmed its holding in *Myers* v. *State, supra,* in the later case of *Fredrick* v. *State* (1960), 240 Ind. 598, 167 N.E.2d 879. Fredrick also had a non-

exclusive opportunity to set the fire which was of incendiary origin. Additionally, Fredrick was seen driving past the fire at the time he asserted that he was home. The evidence did not directly connect Fredrick with the fire, and the conduct of Fredrick was not inconsistent with his innocence. In neither of these cases was the evidence of a probative value equivalent to that presented against Glover at her trial. In each instance, the evidence established only the incidence of a crime of arson which could have possibly been committed by Myers and Fredrick.

The evidence presented against Mary Glover finds closer parallels in two other cases where the court on review affirmed arson convictions. In *Ellis* v. *State* (1969), 252 Ind. 472, 250 N.E.2d 364, a woman who lived across the street from a church that had been set afire stated that on the night in question she heard a window break in the church and saw a man enter through the window. Later, she saw the same man exit through the front door and leave in his car. Shortly thereafter, a fire erupted in the church. The description of the breaking and entering as well as the description of the man's clothing and car were later corroborated by other witnesses. Additionally, it was established that Ellis drove past and stopped at the scene of the fire until someone remarked upon his presence at which time he fled hastily. The Supreme Court of Indiana held this evidence sufficient to sustain his conviction.

In *Smith* v. *State of Georgia* (1970), 122 Ga. App. 882, 179 S.E.2d 261, the Georgia Court of Appeals dealt with a fact situation even more analogous to the one here at issue and found the evidence sufficient to sustain the conviction. Smith was a restaurant owner whose restaurant was destroyed by fire. Shortly after a police patrol had passed Smith's restaurant at 4:00 o'clock A.M., a gas station attendant saw Smith drive up to the restaurant, go inside for five minutes without turning on the lights and drive away. A few minutes

later, the gas station attendant called the fire department to report a fire in the restaurant. Arson investigators later determined that the fire was probably of incendiary origin. Smith insisted that he was at home asleep at the time of the fire and denied that he owned a sweater similar to the one that the station attendant had described him as wearing on the night of the fire.

Parallels to the present situation can be gleaned from each of these factual settings. Although the defendants in both *Ellis* v. *State* and *Smith* v. *State of Georgia, supra,* were seen actually entering the premises, this distinction alone seems insufficient to dispel the analogy to the case at bar. In all three cases, sufficient circumstantial evidence points to a conclusion that the inference of guilt is reasonable. The Supreme Court of Indiana has held that a reasonable inference that a defendant was at least a participant in an act of arson is sufficient to uphold a conviction. *Majors* v. *State* (1969), 252 Ind. 672, 251 N.E.2d 571.

## V.

### Decision of the Court

It is well established that a conviction may be sustained upon circumstantial evidence. In reviewing the sufficiency of the evidence, this Court will not weigh the evidence nor determine questions of credibility of the witnesses. We will look only to that evidence most favorable to the State and the reasonable inferences to be drawn therefrom. Where circumstantial evidence is in question, this Court must affirm a conviction if a reasonable inference may be drawn therefrom which tends to support the finding of the trial court.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

Note.—Reported at 300 N.E.2d 902.