WILLIAM HENRY LAWSON AND JIMMIE W. LAUDERDALE *v.*
STATE OF INDIANA

[No. 1-175A10.  Filed January 14, 1976.  Rehearing denied
March 12, 1976.  Transfer denied May 18, 1976.]

*James L. Goodwin,* of Lebanon, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,*
Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendants-appellants William Henry
Lawson and Jimmie W. Lauderdale (Lawson) (Lauderdale)
were charged with the crime of theft (IC 1971, 35-17-5-3, Ind.
Ann. Stat. § 10-3030 (Burns 1975 Supp.)).  They were tried
by jury, convicted and each was fined in the amount of $3,-
000.00 and ordered imprisoned for not less than one nor
more than ten years.

## I.

### STATEMENT OF FACTS:

At about 1:30 to 1:45 A.M. on November 18, 1972, Lebanon
City Police observed a van truck just outside the city and
shining their spotlight on it saw a man on either side thereof,

As police approached the truck the two men broke and ran with one man going north over a railroad track which had a creek about knee deep running along the right of way and the other man went south across generally dry terrain. The countryside was dry. Two officers gave chase but could not find anyone in the darkness.

Examination of the truck showed it had a winch in the rear end. The name of E. M. Lawson of Cicero, Illinois, together with the address was on the door and it had Illinois license plates. A new Ford tractor was setting facing the truck with two ramp boards laying from the ground to the open rear of the truck.

The Ford tractor was identified by its owner, Bill Boyer, owner of Siess-Duff Company, Inc. of Lebanon, who had a bill of lading for the tractor which was valued at $6,000.00.

A general radio alert was given and more city and state police and the sheriff's office were all in the search. They searched all farm or abandoned buildings within two or three miles of the truck-tractor location and did not find any suspects. Highways were run and motels checked.

Thelma Hannell, night clerk of the Rose Haven Motel, testified an Illinois man registered for the night for two persons at about 2:00 to 3:00 A.M. This motel is located about 18 miles north of the location of the truck and tractor and on State Roads 28 and 52 very near to the Interstate. The registration was signed by James Lauderdale, Chicago, Illinois, with car license WL 8354—Illinois.

Lauderdale apparently went to Room 120 which had been assigned to him and was not seen by Ms. Hannell until he was brought to the office by police at a later hour.

Police went to Room 120 and were admitted entrance by a man who was determined to be Lawson. He was clad only in shorts and T-shirt and had a pair of very wet boots and wet socks in the room with trousers wet from the knees down laying on the boots. There was a tear in the lower left leg

of the trousers and Lawson had a fresh wound on his left leg which had been bleeding.

Lawson was arrested and taken to jail. Ms. Hannell had not seen him before and said he must have entered the room (120) by another entrance which she could not see from the desk. More than thirty minutes later Lauderdale, without having been seen re-enter by Ms. Hannell, rapped on the door of the room and was admitted by police waiting therein and was arrested. His clothes were normal. He was identified at the front desk by Ms. Hannell as the man who had originally registered in 120 and was then taken to jail.

Ms. Hannell further testified that a collect call was made from Room 120. She was not sure if it was Cicero or Chicago but thought it was Cicero. Cicero was the home of Lawson. Lauderdale's home was in Chicago.

## II.

The specifications of error raised by appellants are as follows: to-wit:

1. Insufficient evidence to sustain the verdict upon all necessary elements of the crime charged.

2. The verdict of the jury was contrary to law.

3. Error of the court in refusing to grant a directed verdict for each of the defendants.

We shall group specifications 1 and 2 and treat them as one, pursuant to Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7).

## III.

Appellants contend the State failed to present sufficient circumstantial evidence to sustain a conviction of appellants for theft. They urge that because the officers who investigated the theft and saw the men run from the truck could not make an in-court identification of them, did not get fingerprints, saw no footprints and obtained no direct evidence that the

appellants had stolen the tractor, there was only circumstantial evidence which was not sufficient to sustain a conviction.

Circumstantial evidence is discussed in *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554 as follows:

". . . The evidence in this case is circumstantial, but conviction may be sustained by circumstantial evidence alone, and we can not say that, based on that evidence, although only circumstantial, and the reasonable inferences to be drawn therefrom the evidence is insufficient as a matter of law. Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court. *Stice* v. *State* (1950), 228 Ind. 144, 89 N.E.2d 915; *Petillo* v. *State* (1950), 228 Ind. 97, 89 N.E.2d 623."

This court in the case of *Glover* v. *State* (1973), 157 Ind. App. 532, 300 N.E.2d 902 (Transfer denied) further discussed circumstantial evidence as follows, to-wit:

"It is not necessary for the evidence to be of such probative value as to exclude every reasonable hypothesis of innocence before this Court can affirm a judgment finding Mary Glover guilty. Mary Glover relies upon *Manlove* v. *State* (1968), 250 Ind. 70, 232 N.E.2d 874, 235 N.E.2d 62. *Manlove* v. *State, supra,* does establish a test for the review of circumstantial evidence, but this test has been limited in its application to fact situations where the evidence has been shown to provide only a mere suspicion or opportunity to commit a crime. *Dunn* v. *State* (1973), [260] Ind. [142], 293 N.E.2d 32. The evidence against Mary Glover establishes more than a mere opportunity or suspicion. The *McAfee* v. *State* test is applicable to this appeal.

\* \* \*

"It is well established that a conviction may be sustained upon circumstantial evidence. In reviewing the sufficiency of the evidence, this Court will not weigh the evidence nor determine questions of credibility of the witnesses. We will look only to that evidence most favorable to the State and the reasonable inferences to be drawn therefrom. Where circumstantial evidence is in question, this Court must affirm a conviction if a reasonable inference may be

drawn therefrom which tends to support the finding of the trial court."

We are of the opinion that the evidence against Lawson and Lauderdale establishes more than a mere opportunity or suspicion and that the test in *McAfee* v. *State, supra,* is applicable in the case at bar.

Facts most favorable to the State are that two men were seen running from a stolen tractor which was ready to be loaded in a closed van truck on a lonely road about 1:30 A.M. The tractor had been stolen that night in an agency at Lebanon less than a mile from where it was discovered. One man was seen running in the direction of a knee deep stream.

About 1½ to 2 hours later one of the two men, Lauderdale, registered in his own name in a motel 18 miles north of the abandoned truck and tractor. He had no automobile with him but gave on his registration card an Illinois license number.

Later when police entered the room they found Lawson in shorts and undershirt with a fresh wound on his left leg, a pair of trousers with a tear in the front of the lower left leg, wet from the knees down, a pair of soaking wet boots and wet socks in the room.

There was an entrance to this room from which the night clerk could not see persons enter or leave the building.

Lawson's driver's license showed he resided at Cicero, Illinois at the same address painted on the van truck. The name of E. M. Lawson was painted thereon. It was stipulated the truck was the property of Elizabeth M. Lawson of the same address.

Lauderdale entered the room one half hour after Lawson had been removed by police. He was from either Chicago or Cicero, Illinois. The motel was between Lebanon and Chicago.

Lauderdale had registered for a party of two. Before police officers arrived a long distance collect call was made from Room 120 to either Cicero or Chicago.

Considering the above facts we have determined that the evidence was sufficient that an inference may reasonably be drawn therefrom tending to support the jury's verdict thereon and that the verdict was based on sufficient evidence. The verdict of the jury was not contrary to law.

As to specification number 3 we necessarily conclude from our holding as to specifications 1 and 2 that the State made a *prima facie* case of guilt beyond a reasonable doubt against Lawson and Lauderdale.

The State proved the necessary elements of theft in that the appellants did unlawful and knowingly:

1. Obtain and exert unauthorized control over a 1972 Ford tractor owned by Siess-Duff Company, Inc.

2. The value of the tractor was more than $100.00.

3. Did intend to deprive the owner permanently of the use or benefit of said tractor.

The court correctly overruled appellants' motion for a judgment on the evidence (directed verdict) at the close of the State's evidence in chief.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 339 N.E.2d 616.