## 30513. REEVES et al. v. THE STATE.

GUNTER, Justice.

Ella Louise Carroll, Robert Reeves, and Willie J. Johnson, Jr., were tried and convicted of the murder of Chester Pitts and received life sentences. Separate trial counsel was appointed for each of the appellants, and the same three attorneys have represented them in their motion for new trial and in this appeal.

On April 4, 1974, Chester Pitts was fatally stabbed and thereafter died of the wound. There were no eyewitnesses to the stabbing; the victim, in dying declarations, identified a person other than the three appellants as his attacker; there was circumstantial evidence that connected the three appellants with the homicide; and the state relied primarily on incriminating statements made by one of the appellants, Ella Louise Carroll.

We quote from the district attorney's brief: "The remaining defendant, Ella Louise Carroll, was questioned on the day following the stabbing, April 6, 1974, as a witness and testified that she had no knowledge of the stabbing. On April 7, 1974, she told interviewing

police officers that Robert Reeves, her brother, did the killing and she and Johnson, her boyfriend, had nothing to do with it (T-57). At the coroner's inquest on April 13, 1974, she testified that Willie James Johnson did it, but Reeves had nothing to do with it (T-58). And two days later on April 15, she said all three participated in the killing."

Although the appellants submitted evidence in their behalf at the trial, none of the three appellants took the stand to testify.

Prior to trial the appellants made a motion for severance and contended that they should have separate trials because of "inconsistent defenses and prejudicial joinder." The trial judge conducted a hearing and then entered an order denying the motions for severance.

The three were then tried together with three defense attorneys not only contesting with the district attorney but also contesting with each other with respect to the admission and exclusion of evidence.

### The Incriminating Statements Issue

Appellant Carroll's first written statement given to investigating officers, dated April 6, stated that she had no knowledge of the stabbing. The trial judge refused to admit the contents of this statement into evidence.

Her second written statement, dated April 7, implicated appellant Reeves but exonerated herself and appellant Johnson. The trial judge admitted the contents of this statement into evidence.

Her third statement, more correctly her testimony at the coroner's inquest on April 13, implicated appellant Johnson but exonerated appellant Reeves. This testimony was not permitted to go to the jury.

Her fourth written statement, dated April 15, implicated all three appellants. The contents of this statement were permitted to go to the jury.

The problem with the admission into evidence of the contents of the April 7 and April 15 statements is that they were admitted for the consideration of the jury as being applicable only to the case of appellant Carroll, the maker of the two statements. They were not admitted for consideration by the jury in the cases of Reeves and Johnson.

At the conclusion of the evidence, the charge of the trial judge to the jury on this subject was: "Now, ladies and gentlemen of the jury, the State insists that the defendant, Carroll has made certain admissions incriminatory in their character. It is a question for you to determine whether or not the State has shown any such inculpatory admissions made by defendant, Carroll. If you find from the evidence that the State has proven to you beyond a reasonable doubt that the defendant, Carroll has made any such admissions and that they were inculpatory in their character, then you may consider such admissions along with the other evidence in the case in determining the guilt or innocence of this particular defendant. However, I caution you that all admissions should be scanned with care and should be received with great caution." The charge did not contain instructions that the two admitted statements were not to be considered in determining the guilt or innocence of the other two appellants, although the first admitted statement clearly implicated Reeves and the second admitted statement clearly implicated both Reeves and Johnson.

Furthermore, the first admitted statement was exculpatory and the second admitted statement was inculpatory with respect to the appellant Carroll, the maker of the statements. The other two statements made by her which were excluded from evidence were wholly exculpatory as to her.

The Supreme Court of the United States has held that the admission of a co-defendant's confession that implicated another defendant at a joint trial constitutes prejudicial error even though the trial court gave clear, concise, and understandable instructions that the confession could only be used against the co-defendant and must be disregarded with respect to the defendant. Bruton v. United States, 391 U. S. 123 (1968); and Roberts v. Russell, 392 U. S. 293 (1968).

It is therefore clear that the admission of the two statements of Carroll that incriminated Reeves and Johnson was prejudicial to them so as to require a reversal.

Also, we hold that in the context of this case, the

admission of two written statements made by appellant Carroll, one of which was exculpatory and the other inculpatory, and the exclusion from evidence of two of her other statements, both of which were exculpatory, were prejudicial to her to the extent of requiring reversal.

### The Severance Issue

A transcript of what occurred at the pre-trial hearing on the motions for severance is not included in the record. Therefore, it cannot be determined whether the trial judge properly or improperly denied severance and individual trials for each of the appellants. See *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975).

However, having read the transcript of the trial, which shows numerous disagreements between and among the three competing defense counsel with respect to the admission and exclusion of evidence, we conclude that the motions for severance should have been granted and each of the appellants tried separately.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED JANUARY 12, 1976 — DECIDED JUNE 8, 1976.

*Thomas J. Phillips, Jr., Eva L. Sloan, Milton F. Gardner,* for appellants.

*Joseph A. Briley, District Attorney, Donald W. Huskins, Assistant District Attorney,* for appellee.