## 54462. WHITTEN et al. v. THE STATE.

SHULMAN, Judge.

Appellants, husband and wife, seek reversal of their conviction for arson in the first degree. The evidence shows that the Sugar Hill Volunteer Fire Department responded to a fire at the residence of the appellants. Upon their arrival, the firemen found four separate fires burning. The fires were located in the carport area, the living room-den, a downstairs bedroom and the master bedroom upstairs. There was testimony that both bedrooms smelled strongly of gasoline. Clothing soaked in gasoline was found in a dresser in appellants' bedroom.

1. Three enumerations of error based on the admission of opinion testimony by two firemen and an arson investigator are not supported by argument or citation of authority. Under the provisions of Rule 18(c)(2) of the rules of this court, these enumerations are deemed abandoned. Code Ann. § 24-3618 (c) (2). With regard to argument on these points in a supplemental brief, see *Johnson v. Heifler,* 141 Ga. App. 460 (6) (233 SE2d 853).

2. Citing *Shropshire v. State,* 81 Ga. 589 (8 SE 450), and *Birt v. State,* 236 Ga. 815 (5) (225 SE2d 248), appellants contend the trial court committed error in failing to charge, even without a request, that appellant Mark Whitten's good character could be considered in determining his guilt or innocence. The citation to *Birt* referred to the following statement therein: "In a criminal case it is the duty of the trial judge, with or without request, to give the jury appropriate instruction as to the law on each substantive point or issue involved in the case. . ." Id., p. 828. In *Shropshire,* the court held: "Good character is a substantive fact, like any other fact tending to establish the defendant's innocence, and ought to be so regarded by the court and jury." *Shropshire v. State,*

supra, p. 591.

Appellants have confused substantive *facts* with substantive *issues* or defenses. "While the good character of an accused person is a substantive fact, and evidence of such character should be weighed and considered by the jury in connection with all the other evidence in the case, still such good character of the accused is not a distinct substantive defense. A proper instruction should be given in every case where the accused puts his character in issue; but in the absence of a timely request, an omission to give a specific charge on the subject will not require a new trial. It is only in exceptional cases where the court fails to charge relatively to the good character of the accused that a new trial should be granted. *Seymour v. State,* 102 Ga. 803 (30 SE 263). This case falls within the general rule, and not within the exception." *Scott v. State,* 137 Ga. 337 (3) (73 SE 575).

3. Again relying on the holding in *Birt v. State,* supra, that a charge must be given, even without request, on all substantive issues, appellants enumerate as error the trial court's failure to charge the jury on the weight and credit to be given the testimony of expert witnesses. They concede that *Scudiere v. State,* 130 Ga. App. 477 (2) (203 SE2d 581), contains a holding contrary to their position, but assert, without citation of authority or any other support, that the testimony of certain witnesses rose to a substantive issue. We cannot agree. The substantive issues in this and other criminal cases are those which concern the guilt or innocence of the accused. The manner in which the jury should consider the testimony of witnesses is collateral to the main issues. The question raised by this enumeration is controlled adversely to appellants by *Scudiere,* supra.

4. During direct examination, appellant Mark Whitten testified that he had been dismissed from the Atlanta Police Department and began to explain why. The state objected to the testimony and argument was heard on the matter outside the presence of the jury. During the course of the discussion, the judge mentioned that he could instruct the jury to disregard the whole matter. Defense counsel was silent but the state's counsel indicated he would like to ask some questions on the

subject since appellant had put it before the jury. The judge then agreed to allow testimony on the subject. Defense counsel proceeded to examine Whitten on the subject. There was no charge given the jury on how to consider the evidence relative to Whitten's dismissal. Appellants now claim that the judge misrepresented an intention to charge, preventing counsel from properly framing an argument to the jury. The record does not support appellants' assertion. The judge said at one point that he felt he *should* instruct the jury to disregard. At another point he said, "I *can* rule it out." (Emphasis supplied.) But then he agreed to allow the testimony, which is not at all consistent with an intention to tell the jury not to consider that evidence. At any rate, if there was error, defense counsel was given an opportunity before and after the jury charge to bring it to the court's attention, which he did not do. Additionally, any error which may have been committed was invited by appellants. A party may not obtain reversal for error which he has invited. *Vick v. State,* 116 Ga. App. 25 (156 SE2d 125).

5. In one enumeration on the general grounds, appellants made a two-pronged attack on their conviction. They claim the evidence was insufficient to support a finding that the fire was incendiary in nature or that they acted as criminal agents in starting the fire.

As to the first of their attacks, there can be no question. There was unequivocal testimony by several firemen that there were four separate fires and that two of the rooms in which there were fires smelled of gasoline. That is more than sufficient to support a finding that the fire was incendiary rather than accidental in origin. See, e.g., *Smith v. State,* 122 Ga. App. 882 (179 SE2d 261).

Evidence supporting the jury's finding on the second issue, though circumstantial, was sufficient. "The rule that the circumstances proved should exclude every other reasonable hypothesis save that of the guilt of the accused should not be relaxed [in arson cases]; but it does not follow that the criminal should go unwhipped of justice because absolute proof is not presented by the State. If there be enough shown to convince the jury beyond a reasonable doubt that the guilt of the accused has been

established to the exclusion of every other reasonable hypothesis, and no other reasonable hypothesis is suggested by the evidence, and there is nothing to indicate that the jury failed to accord to the defendant every consideration to which he was entitled, a reviewing court will not arbitrarily say that the conviction should be set aside." *Wade v. State,* 16 Ga. App. 163, 167 (84 SE 593). Here, the evidence shows that appellants were alone in the house when the fires began. Testimony by firemen, Gwinnett County arson investigators and a chemist with the state crime laboratory established that clothing in a dresser in appellants' bedroom had been saturated with gasoline. No reasonble hypothesis other than the guilt of appellants appears from or is supported by the evidence.

The evidence was sufficient to support findings that the fire was incendiary in origin and that the appellants were the criminal agents responsible for the fire. The enumeration on the general grounds must fail.

6. Appellants also assert that the verdict was against the weight of the evidence. When reviewing a conviction on the general grounds, this court considers the sufficiency, not the weight, of the evidence. *Rutledge v. State,* 142 Ga. App. 399 (1) (236 SE2d 143).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED OCTOBER 4, 1977 — REHEARING DENIED NOVEMBER 7, 1977 — 

*Oehlert, Kermish, Labovitz, Marcus, Brazier & Rosenberg, Stephen A. Kermish, Chester G. Rosenberg,* for appellants.

*W. Bryant Huff, District Attorney, P. Samuel Huff, Assistant District Attorney, Dawson Jackson, William P. Rowe, III,* for appellee.