## 55532, 55533. BYNES v. THE STATE (two cases).

McMURRAY, Judge.

Defendant was indicted and convicted of aggravated assault, carrying a concealed weapon and carrying a pistol without a license. Defendant appeals, enumerating the general grounds. Defendant appeals through his attorney and by a pro se notice of appeal. The pro se notice of appeal is procedurally defective, containing no record, enumeration of error, or argument in support thereof. The appeal filed by defendant's attorney enumerates only as error the denial of the motion for new trial as to the general grounds thereof. *Held:*

The evidence presented at trial shows that Officer Huguley, a uniformed officer with the Atlanta Bureau of Police Services, responded to a prowler call. The officer arrived at the address given him and saw two men arguing. The defendant was one of these men and started walking away when he saw the officer. The officer called to him to stop, walked up to him and frisked him, checking his person for possible weapons. The officer started to take defendant back to his patrol car at which point in time he heard a voice from a window which attracted his attention. The officer testified that the next thing he knew people were standing over him saying that he had been shot and to stay still. The officer testified that he had not seen a gun on defendant's person and any gun on his person was concealed from his view. Five eyewitnesses testified that they had seen defendant firing shots at the police officer. Defendant's common law wife testified that she was the one who called police and that she had seen defendant fire the first shot and had heard the second and third shots. Witness Caldwell testified that he saw defendant take something from under his coat which looked like an automatic pistol and saw the police officer fall to the ground after defendant fired one shot, and that defendant had fired two more shots at the officer after he was on the ground. Witnesses Cook and Dixon testified that they had heard the first shot and then saw defendant standing over the officer shooting at his head. Witness Kelly testified that defendant had the gun in his hand under his coat and she saw the defendant raise his hand

and shoot the officer while the officer had his head turned. Witness Dixon took the officer's service revolver from its holster, chased the defendant and cornered him on the grounds of a nearby school where he was apprehended in some bushes. A .25 caliber automatic pistol was found under a bush where defendant was apprehended, and an expert witness from the state crime laboratory testified that the bullet removed from the officer's head was fired from this pistol. Tests for barium, antimony and lead made on acid wipings taken from defendant's hand indicated that defendant had fired a gun. A clerk in the office of Fulton County Probate Court testified that no license to carry a firearm had been issued in that county to defendant, and defendant confirmed on cross examination that he did not have a license for the firearm.

The verdict in a criminal case must be sustained if there is any evidence to support it. *Knight v. State,* 239 Ga. 594 (1) (238 SE2d 390); *Oliver v. State,* 239 Ga. 571 (1) (238 SE2d 346); *Paul v. State,* 144 Ga. App. 106 (1) (240 SE2d 600); *Whitten v. State,* 143 Ga. App. 768, 771 (240 SE2d 107).

We have carefully reviewed and considered the record and transcript and find that the evidence presented was amply sufficient to support the judgment.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED MARCH 7, 1978 — DECIDED
APRIL 11, 1978.

*J. Douglas Willix,* for appellant (case no. 55532).
Eddie Bynes, Jr., *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, Thomas W. Thrash, Assistant District Attorneys,* for appellee.