## 57258. DENSON v. THE STATE.

BANKE, Judge.

The defendant was convicted of four counts of entering an automobile with criminal intent and one

count of autmobile theft. He was sentenced to a total of 12 years' imprisonment. He appeals the denial of his motion for new trial.

The defendant was originally arrested in Pickens County for driving under the influence. He was later transferred to Cherokee County and was questioned there concerning the automobile break-ins and the theft. After extensive questioning, he confessed to committing the crimes. He contends that this confession was extracted from him with the promise that if he told "all about it" things "would probably go easier" on him.

The investigating officer could not deny that such a statement was made. However, he provided the following description of the additional circumstances surrounding the confession: "I remember telling Mr. Denson that I couldn't promise him anything, I couldn't make him any deal, that no police officer could, that he could talk to the District Attorney, and the District Attorney was in the next room. I said . . . 'Do you want to talk to the District Attorney' . . . and he said . . . 'yes' . . . and I stepped in the next room and asked Mr. Mills if he would like to step in; that I had a man wanting to confess to stealing a car. He stepped in the room, and Mr. Mills asked Mr. Denson—he said . . . 'did you steal the car?' . . . and he said . . . 'yes. I did it'. . . 'Well, tell this man about it' . . . and he turned around and walked out." Following this, the defendant gave the detective both an oral and written confession. *Held:*

1. "If a man rears a crop of hope in his own mind from seeds of his own planting, and under its influence makes a confession, this will not exclude the confession as evidence. The hope that excludes is that, and that only, which some other person kindles or excites. Some inducement must be held out by another person, tending, according to human nature and the law of human motives, either to overpower the will or seduce it, either to coerce through fear, or persuade through hope." *Bohanan v. State,* 92 Ga. 28, 32 (18 SE 302) (1893). The testimony presented at the Jackson v. Denno hearing provided the trial court with ample basis to conclude that the defendant's confession was given freely and voluntarily and that no offer of leniency was made. See *Rogers v. State,* 142 Ga. App. 387, 388 (236 SE2d 134) (1977). See

generally Code § 38-411.

2. The automobile alleged to have been stolen was identified by vehicle identification number. At trial, Mr. Wayne Beavers testified for the state that the car belonged to the Cherokee County Board of Education and that as an employee of the board he had the use and possession of the car. This testimony was sufficient to establish both ownership and possession and was not subject to a "best evidence" objection. The "best evidence" rule (Code Ann. § 38-203) applies only when the contents of a writing are in issue. "Where the existence of a fact is the question at issue and not the contents of a writing, then oral and written evidence of the fact may both be primary evidence. (Cit.)" *Gilliland v. State,* 139 Ga. App. 399, 404 (7) (228 SE2d 314) (1976).

3. It was not error to allow the jurors to take notes during the trial and to refer to these notes during their deliberations. *Holcomb v. State,* 130 Ga. App. 154 (4) (202 SE2d 529) (1973); *Williamson v. State,* 142 Ga. App. 177 (3) (235 SE2d 643) (1977).

4. The defendant enumerates as error the trial court's failure to give a requested charge on lesser included offenses. The request to charge in question did not specify what the alleged lesser included offenses were. Therefore, the trial judge did not err in refusing to give it. See *Kessel v. State,* 236 Ga. 373 (2) (223 SE2d 811) (1976). See also *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

5. The defendant contends that venue was not proved with respect to Count 3 of the indictment. Although the owner of the vehicle referred to in Count 3 did not specifically state that he lived in Cherokee County, he identified the location of his residence on a diagram which had previously been identified as a depiction of a portion of Cherokee County. Where venue is uncontested, as in this case, it may be established by slight evidence. *Aldridge v. State,* 236 Ga. 773, 774 (1) (225 SE2d 421) (1976). The evidence here was sufficient.

*Judgment affirmed. Webb, P. J., and Underwood, J., concur.*

SUBMITTED FEBRUARY 5, 1979 — DECIDED MARCH 8, 1979 —

REHEARING DENIED MARCH 22, 1979 —

*Bray & Johnson, Roger M. Johnson,* for appellant.
*Frank C. Mills, III, District Attorney, Rafe Banks, III, Assistant District Attorney,* for appellee.