## 60616. ALTMAN et al. v. THE STATE.

Banke, Judge.

The four appellants, Thomas Altman, Joseph Stephen Patrick, Andrew Webb, and Roger Heath, were jointly tried and convicted on two indictments charging them with second-degree arson. Each received two concurrent 10-year sentences. A fifth co-indictee, Jimmy Wilson, pled guilty and testified for the state. The appellants

enumerate 13 alleged errors on appeal. *Held:*

1. The evidence was sufficient to authorize a rational trier of fact to find the appellants guilty beyond a reasonable doubt with respect to indictment No. 1548, which charged them with knowingly damaging by means of fire and without the owners' consent "the fishing cabin of Mrs. Alma E. and Kershaw Brittingham, located at the Steel Bridge Landing on the Ogeechee River near Guyton, Georgia." We reject the appellants' contention that because the title to that cabin was shown to be jointly held by several other persons in addition to the Brittinghams, the state was required to call each of these persons to prove that none of them had consented to having the cabin burned down. See generally Code Ann. § 26-1402. Co-indictee Randall testified that while "riding around" drinking beer one night, he and the other co-indictees decided to burn the cabin to avenge a grudge against Mr. Brittingham, whereupon they drove to the cabin and did so. The owners' lack of consent is directly inferable from this testimony.

With respect to indictment No. 1547, however, we find that the evidence does not warrant conviction. That indictment charged the appellants with the destruction of another cabin adjacent to Brittingham's to which the fire apparently spread. Regardless of whether the appellants intended for this cabin to burn as well (Randall testified that they did not), the evidence establishes the commission of only one incendiary act. This act was "directed not against individuals, since none happened to be present, but against the public interest in the protection of life and property in general. Therefore, only one crime has been committed." *Corson v. State,* 144 Ga. App. 559, 561 (241 SE2d 454) (1978). The conviction on indictment No. 1547 is accordingly reversed.

2. Randall's testimony that he and the others deliberately started the fire was corroborated by the testimony of three witnesses who had seen the five men together on the night in question only a few hours before the fire. As to Patrick, the testimony was further corroborated by a statement which he made to a GBI agent who questioned him about the incident. See generally Code § 38-121; *Pitts v. State,* 128 Ga. App. 434 (197 SE2d 495) (1974); *Hackney v. State,* 233 Ga. 416 (7) (211 SE2d 714) (1975).

3. Appellants Altman, Webb, and Heath contend that as to them the admission of Patrick's statement to the GBI agent violated Code § 38-414, which provides that "[t]he confession of one joint offender or conspirator made after the enterprise is ended, shall be admissible only against himself." See *Crowder v. State,* 237 Ga. 141 (227 SE2d 230) (1976); *Gunter v. State,* 243 Ga. 651 (7) (256 SE2d 341) (1979). However, we are cited to no such objection in the

transcript, and we have been unable to find one. Therefore, the issue cannot now be considered on appeal. See *Coachman v. State,* 236 Ga. 473 (1) (224 SE2d 36) (1976). We are similarly precluded from reviewing the contention, raised for the first time on appeal, that the admission of the statement denied these appellants their constitutional right to confront an adverse witness, as set forth in Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) and *Reeves v. State,* 237 Ga. 1, 3 (226 SE2d 567) (1976).

4. The appellants further contend that Patrick's statement to the GBI agent was inadmissible because the agent admitted that he had promised Patrick that things would go better for him if he cooperated. However, we find no such admission in the transcript of the Jackson v. Denno hearing. The agent's testimony on the issue was as follows: "Q. Did you tell Mr. Patrick that if he gave you a statement, if he gave you all the facts that things would go better on him when this case came to trial? . . . A. I didn't make any promises to him because I can't decide whether it would go better or not . . . Q. Is it possible that you did though? A. Not really, because I don't get involved in it. There was some, I could have told him that it might go better on him. THE COURT: Did you or didn't you? A. I don't remember, Judge, making that statement. The only thing that I ever tell a defendant is that I will tell of their cooperation to the court if they make a statement, and that I will do." Patrick offered no testimony on the issue.

We hold that the trial court was authorized to conclude from the agent's testimony that Patrick's statement was given freely and voluntarily and that it was not induced by any offer of leniency, or threat of injury. See generally Code § 38-411. See generally *Denson v. State,* 149 Ga. App. 453 (1) (254 SE2d 455) (1979).

5. Appellants also complain that, although the agent testified during the Jackson v. Denno hearing that he had read Patrick his Miranda rights, he failed to specify during the hearing what those rights were. Again, we are precluded from considering the issue because it was not raised at trial. However, we note that counsel had ample opportunity to cross-examine the agent on the question, had he wished to do so.

6. Appellants moved for a mistrial prior to the Jackson v. Denno hearing, contending that the state, which had taken the initiative in suggesting the hearing, had done so in a manner which apprised the jury of the fact that Patrick had made a statement before any preliminary ruling could be made as to its admissibility. This enumeration of error is frivolous. The statement itself was later admitted into evidence before the jury. Thus, it is indeed difficult to fathom what harm could have resulted to the appellants from the

state's suggestion that a Jackson v. Denno hearing be held.

7. The appellants contend that they were denied their right to a full and complete voir dire of the prospective jurors because Mr. Bittingham informed the court prior to the commencement of voir dire, that he and his wife were the sole owners of the cabin at issue in indictment No. 1548, but it was later shown during the trial that seven other persons owned interests in the land. (Mr. Bittingham continued to maintain that he and his wife were the sole owners of the cabin itself.) However, we are cited to no ruling of the trial court in connection with this contention. Appellants never made any attempt to discover whether the jurors chosen to try the case knew the additional owners, nor did they move for a mistrial or seek any other relief in response to the revelation about the co-owners. Consequently, there is no ruling for us to review.

8. The trial court did not commit reversible error in charging the jury "that a person in this state may not generally consent to the commission of a felony, because the people of the state have an interest in the case, and our real prosecutor is other than the person alleged to [have] been wronged." As indicated previously, the undisputed evidence showed that the appellants burned the property in order to avenge a grudge against Mr. Bittingham and without the consent of anyone. Furthermore, the jury was properly instructed as to the elements of the crime of second-degree arson, one of which is that the structure must have been damaged without the owner's consent. Thus, we hold that even if the portion of the charge complained of was erroneous, its effect was harmless in the context of both the entire charge and of the evidence.

9. The appellants' first, second, and fifth requests to charge did not state correct principles of law and were properly refused.

10. The trial court erroneously allowed the assistant district attorney to administer the oath to the prospective jurors prior to voir dire, rather than administering it himself as is now required by Ga. L. 1979, p. 1048 (Code Ann. § 59-704.1). See *Ates v. State,* 155 Ga. App. 97 (270 SE2d 455) (1980). However, as no objection was made at the time, the error was waived. See generally *Roberts v. State,* 231 Ga. 395, 396 (202 SE2d 43) (1973); *Potts v. State,* 241 Ga. 67 (12) (243 SE2d 510) (1978).

*Judgment affirmed as to indictment No. 1548. Judgment reversed as to indictment No. 1547. Quillian, P. J., Smith, Shulman, Birdsong and Carley, JJ., concur. Deen, C. J., McMurray, P. J., and Sognier, J., dissent.*

ARGUED SEPTEMBER 5, 1980 — DECIDED OCTOBER 23, 1980.

*Charles R. Ashman,* for appellants.
*J. Lane Johnston, District Attorney,* for appellee.

McMURRAY, Presiding Judge, concurring in part and dissenting in part.

I respectfully dissent to the majority's reversal of defendants' convictions as to Indictment No. 1547 and would affirm the convictions. However, I am in full accord with the majority in the affirmance of defendants' convictions as to Indictment No. 1548. I concur fully in the majority opinion except for the second paragraph of Division 1 with reference to Indictment No. 1547.

The defendants were jointly indicted on separate indictments and jointly tried for the burning of the two adjoining fishing cabins of two separate persons, although it appears the land was jointly owned by a number of persons. In my view the burning of the second building, as charged in Indictment No. 1547 (both involve arson in the second degree) was a separate incendiary act and not simply included in the crime of the burning of the first building, as charged in Indictment No. 1548. See Code Ann. § 26-1402 (Ga. L. 1968, pp. 1249, 1283; 1976, pp. 1497, 1498; *Smith v. State,* 122 Ga. App. 882, 884 (179 SE2d 261); *Whitten v. State,* 143 Ga. App. 768, 771 (240 SE2d 107); *Murden v. State,* 146 Ga. App. 51 (1) (245 SE2d 363).

I simply cannot agree to the majority opinion in Division 1 that the evidence does not warrant conviction. The enumeration of error is that the trial court erred in denying the defendants' motion for directed verdict because the testimony of the co-defendant/co-conspirator was insufficient to support a conviction as to "intentional burning." The evidence here was ample for the jury to find that the defendants knowingly burned the Keith cabin when they set fire to the Bittingham cabin. Certainly, the jury did not find providential cause or accident but proof of the corpus delicti as to both indictments. The presumption of accidental rather than incendiary origin was clearly overcome by the evidence. See *Riddings v. State,* 125 Ga. App. 334, 335 (187 SE2d 555). Here it is quite clear that the burning of the second cabin involved a separate crime of arson. It is my observation from a review of the record and transcript that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendants guilty beyond a reasonable doubt of burning the Keith cabin as well as burning the Bittingham cabin. See in this connection *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

The holding of the majority would allow the burning of an entire city block of homes or even an entire city to be included in *but one*

*incendiary act.* Not only is arson a crime mala prohibita but, in my view, a crime mala in se. When any person, by means of fire, knowingly damages any building of another without that other person's consent, and the fire spreads to other buildings of others which are burned without their consent, the perpetrator should be charged with arson as to each of them.