### ROSS v. THE STATE.

The evidence in this case was not sufficient to authorize a verdict of guilty.

Submitted December 18, 1899.— Decided January 25, 1900.

Indictment for arson. Before Judge Felton. Crawford superior court. October term, 1899.

*M. G. Bayne,* for plaintiff in error.
*Robert Hodges, solicitor-general,* contra.

SIMMONS, C. J.   Ross was indicted for arson, in burning an outhouse or crib upon the farm of the prosecutor.   The only evidence connecting the accused with the burning was that of some tracks made in a sand-bed thirty feet from the house burnt. The weather was very dry, and the ground in other places was, in consequence of the drought, so hard that the tracks could not be followed.   When the tracks were made, no distinct impression was left, the sand running in the track and partially filling it.   While the witnesses testified strongly to their belief that the tracks found were those of the accused, still it seems to us that under the circumstances it would be very difficult to distinguish one man's track from another, and almost impossible to do so with any great degree of certainty.   And even admitting that the tracks were those of the accused, the evidence does not show when he made them.   Frequently in similar cases, involving the proof of guilt by means of tracks, the testimony discloses that just before the commission of the crime a rain had obliterated all old tracks and thereby enabled the witnesses to be positive that the tracks discovered were *recent.*   In this case, there had been no such rain, and there was no evidence tending to show when the tracks were made, whether they were recent or old.   The accused had been for several months a laborer on the prosecutor's farm, and it was possible, even probable, that the tracks discovered had been made before his employment had ceased.   Certainly the evidence does not negative the idea that the tracks were made before the evening on which the house was burned.

There was some attempt to show motive on the part of the accused, from the fact that the prosecutor had not fully settled with him.   The prosecutor had offered to give him provisions in lieu of the money due, but the accused, it seems, had supplied himself with provisions and preferred payment in cash. The prosecutor thereupon agreed to carry to town, within a day or two, some corn, from the proceeds of which he was to pay the accused.   We think that the failure to pay the balance due could hardly, without more, have been a sufficient motive

for the arson.   There was also some evidence tending to show that the accused said that if the prosecutor did not pay him all he owed him, he (the prosecutor) "would lose the worth of it twice."   This, however, was considerably before the time of the burning and before the accused knew whether the prosecutor would settle on demand or postpone or refuse payment.   It was weak evidence, and though it tended to show something in the nature of a threat, it was not sufficient, though taken in connection with the proof as to the tracks, to support a conviction. The evidence as a whole may raise a suspicion of the guilt of the accused, but it does not prove that guilt beyond a reasonable doubt.   It is circumstantial, and does not exclude a reasonable hypothesis of the innocence of the accused.

*Judgment reversed.     All the Justices concurring.*