## GREEN v. THE STATE.

The evidence in this case being entirely circumstantial and being insufficient to connect the accused in any way with the crime, the verdict of guilty was contrary to law, and the court erred in refusing to grant a new trial.

Submitted June 18, — Decided July 9, 1900.

Indictment for arson.   Before Judge Henry.   Floyd superior court.   March term, 1900.

*C. E. Carpenter, J. S. Crawford,* and *C. A. Thornwell,* for plaintiff in error.   *Moses Wright, solicitor-general,* contra.

SIMMONS, C. J.    A barn belonging to Mrs. Graham was burned on the night of February 15, 1899.   Green was arrested and charged with the arson.   He was tried and found guilty.   The evidence showed that he had been a laborer on Mrs. Graham's

farm for several months. Green's wife desired to live with him upon the place, but there was no room for her. Green told Mrs. Graham that he would leave on that account. Accordingly, after a settlement with which he did not seem fully satisfied, he removed from the premises. A few days thereafter the barn was burned. The night on which the burning occurred was very cold, and the ground was covered with snow. There was a hard rain during the night, but the snow was not melted off of the ground except where it was thinnest. After the burning, tracks were discovered leading towards the barn, and leading from it toward the place where Green resided, some three miles distant. Whoever made the tracks walked into an ash-bank in the yard, and the ashes stuck to his shoes and were plainly visible in the tracks for a considerable distance from the barn. Some of the witnesses testified that Green, in walking, put his right foot down on the side, and that a man walking in that manner would make a track like those discovered near the barn. The tracks were followed from the barn to within a half-mile of the place where Green lived. There was some other testimony to the effect that when Green came to Mrs. Graham's place, the day after the burning, he jumped over muddy places and "flanked around" all soft or sandy spots. This raised a suspicion in the minds of the witnesses that he desired to avoid making tracks which could be compared with those made by the person who burned the barn. There was no measurement of the tracks and no comparison of them with tracks known to have been made by Green, except that one witness testified that she had noticed Green's track while he worked on Mrs. Graham's place, that it was peculiar, that she had looked at it where he had made it in the sand, and that it corresponded, to the best of her knowledge, with the tracks discovered near the scene of the burning. Upon this evidence the jury returned a verdict of guilty. A motion for a new trial was made by Green, and was overruled by the trial judge. Green excepted.

We think that the evidence was not sufficient to authorize the verdict. It was entirely circumstantial, and in no way connected the accused with the arson. The law does not permit any one to be convicted upon mere suspicion. If the evidence be circumstantial, it must connect the accused with the offense

so as to exclude every other reasonable hypothesis than that of his guilt. It is possible that Green was guilty of the arson with which he was charged, but the State has not produced sufficient evidence to show beyond a reasonable doubt that he was so. The court therefore erred in refusing to grant a new trial.

*Judgment reversed. All the Justices concurring.*