### 10819. THOMAS *v.* THE STATE.

BROYLES, C. J.  1. One who is present at a distillery when whisky is being manufactured, and who personally assists in the manufacture, is guilty of manufacturing whisky; and it is immaterial whether or not he owns the distillery, or whether or not he is hired to work thereat.

2. There is no substantial merit in any of the special grounds of the motion for a new trial; the defendant's conviction was authorized by the evidence; and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 4, 1919.

Indictment for manufacture of intoxicating liquor; from Bibb superior court—Judge Mathews. July 12, 1919.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

---

### 10820. THOMAS *v.* THE STATE.

LUKE, J.  1. A plea of former conviction is good as against demurrer only when it sets out the record of the former trial and conviction and judgment, and such a state of facts as will show that the former conviction was for the same offense for which the defendant is about to be arraigned. See *Blair* v. *State,* 81 *Ga.* 629 (7 S. E. 855).

(a) It was not error to strike the plea in this case.

2. The evidence amply authorized the conviction, and there is no error in the charge of the court. For no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 4, 1919.

Indictment for possession of intoxicating liquor; from Bibb superior court—Judge Mathews. July 12, 1919.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.