## 24887. WILLIAMS *v.* EAST COAST STAGES COMPANY.

GUERRY, J. 1. While it may be true, under the rule that a common carrier for hire owes to its passengers the duty of extraordinary care for their safety, that it is its duty to inform passengers by either published or oral notice, of their route and necessary changes of cars in reaching their destination, yet a failure to comply with this duty and a consequent miscarriage of a passenger will not be held actionable unless it be shown that the passenger sought the information from the agents of the company and was not given it, either by a refusal or by negligence, or unless there appeared some circumstance excusing the failure to inquire. It is obvious in this case that the passenger by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, by the simple expedient of making inquiry. For these reasons the petition was defective, and was properly dismissed on general demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 2, 1935.

*Oliver & Oliver,* for plaintiff.

*Abrahams, Bouhan, Atkinson & Lawrence, Reese, Scarlett, Bennet & Highsmith,* for defendant.

## 25044. GRESHAM *v.* THE STATE.

BROYLES, C. J. 1. "A plea of former conviction is good as against demurrer only when it sets out the record of the former trial and conviction and judgment, and such a state of facts as will show that the former conviction was for the same offense for which the defendant is about to be arraigned." *Thomas* v. *State,* 24 *Ga. App.* 350 (100 S. E. 760); *Crocker* v. *State,* 47 *Ga.* 568; *Wilson* v. *State,* 68 *Ga.* 827. This ruling is applicable where the plea alleges (as in the instant case) that the former conviction was adjudged by a military tribunal while a state of martial law was in effect.

2. Under the foregoing ruling, the facts set out in the instant plea were insufficient to show that the former conviction was for the same offense for which the defendant was indicted in this case; and the court properly struck the plea on demurrer.

3. The evidence amply authorized the verdict, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 5, 1935.

*Ellis G. Arnall, Stonewall H. Dyer,* for plaintiff in error.

*Stanford Arnold, solicitor,* contra.