### 34757. HURST *v.* THE STATE.

GARDNER, P. J. Roosevelt Hurst (whom we shall call the defendant) was indicted by the grand jury for arson, and convicted. He made a motion for new trial on the general grounds only which was overruled, and on this judgment he assigns error. The evidence for the State, briefly but substantially, is as follows: Hurst and his wife separated in May, 1952. They had five children. His wife went to the home of Vester Lee Walker (her sister) to live. Vester Lee lived on the place of Tom Raley. Both the women and the children were employed by Mr. Raley on the farm. On October 11, before dark, the defendant went to the house where his wife was living and stood under a shed in the yard of the house until his wife and her sister came home from town after dark. On the night of the fire and before the defendant reached the shed in the yard of the sister-in-law's house, he met one George Braddy about 1 mile from home going toward the sister-in-law's home. Duke Golder swore that he came by the house just before dark, and the defendant was standing at a shelter in the yard. Vester Lee Walker testified that she saw him standing under the shelter in her yard and called to him about twice; that the defendant wouldn't answer, and she became frightened and went down to tell Mr. Raley (the owner of the house which burned, occupied by the tenant, Vester Lee Walker, the witness); and that she (the defendant's wife) and the children then went to a neighbor's to stay; that she locked the house and left two lamps, which were out and full of oil, in the house; that the house was burned that night; that the next morning after the fire she looked at a man's tracks where she had seen him standing the night before; that the heel on the right foot was run over; and that they were the defendant's tracks. The defendant went to the house of Ella Lee Glover, who lived about 1/4 to 1/2 mile away, about 9 o'clock on the night of the fire, and asked for matches. The fire occurred about 11 o'clock at night. He went to the house of another neighbor, Roger Lee Cannor, and asked for matches; and then went to the house of still another neighbor, Lester Johnson, and asked for matches, where he was given some, and about 25 or 30 minutes later the house was burning. The

next morning after the fire, Mr. Raley swore that he went to the shed where two witnesses testified the defendant was seen standing the evening before, and tracked the man with the run-down right heel to the homes of the three neighbors where he had asked for matches, and then tracked him back to the door steps of the house which burned, and then to the edge of the cotton field where the two lamps belonging to Vester Lee Walker were found; and that both lamps were empty of oil. The lamps were identified by Vester Lee Walker as the same lamps as those locked by her in the house the night before.

The State proved flight. The defendant was found three weeks later in another county about 60 miles away, where he had been working on a farm since the fire some three weeks before. He made a free and voluntary confession at the time of his arrest, and later. The defendant admitted in his statement to the jury that he was at the home of his sister-in-law (where his wife lived) the night of the fire, and that he went to two neighbors' houses and asked for matches the night of the fire. The State carried the burden and proved the defendant guilty and that the fire was not accidental.

In a case of arson, the corpus delicti consists in the proof of three fundamental facts: first, the burning of the house described in the indictment; second, that a criminal agency was the cause of the burning; and third, that the defendant was the criminal agency. These principles are elementary and need no citation of authorities. The presumption is that any fire is a result of accident and providential cause rather than criminal design. When nothing appears other than the burning, of course the burden is on the State to overcome the presumption that the burning occurred from providential or accidental cause.

It must appear from either direct or circumstantial evidence, beyond a reasonable doubt, that the fire was of incendiary origin and that the defendant was the guilty party. *Lockhart* v. *State,* 76 *Ga. App.* 289 (45 S. E. 2d 698). The State proved a confession. This confession alone is not sufficient to convict. In the instant case the evidence is not contravened that the defendant made a confession. The only question is: Was the confession by the defendant of the burning sufficiently corroborated by evidence to sustain the confession of the defendant as alleged in the indictment? We have set forth the evidence in more or less detail. It speaks for itself. The burning of the house was not disputed by the defendant. The evidence otherwise is sufficient to sustain the verdict to the extent that the burning was not providential or accidental, but that it was the defendant who, with a criminal design, burned the house alleged in the indictment. This being true, as appears from the record, the court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 23, 1953.

*Emory L. Rowland, J. W. Claxton,* for plaintiff in error.
*W. W. Larsen, Solicitor-General,* contra.