## 36353. REESE *v.* THE STATE.

*Wesley R. Asinof,* for plaintiff in error.

*Paul Webb, Solicitor-General, Jeptha C. Tanksley, Charlie O. Murphy,* contra.

Carlisle, J. "In a case of arson, the corpus delicti consists of two fundamental facts: First, the burning of the house described in the indictment; and, second, the fact that a criminal agency was the cause of the burning." *West* v. *State,* 6 *Ga. App.* 105 (1) (64 S. E. 130). "The corpus delicti may be proved, with other elements of the offense, by circumstantial evidence." Curtis, The Law of Arson (1936 ed.), § 486, p. 528 et seq. "It is not often possible to make out a case of arson by direct proof establishing the corpus delicti or showing the connection of the defendant with the commission of the crime, for arson is seldom committed except at an hour when there is small chance that the criminal will be actually observed in the execution of his nefarious purpose and it is also generally easy to commit the crime by stealth, without the help of an accomplice, without the beating of drums or blare of trumpets or any betraying noises; and therefore circumstances must generally be depended upon not only to show the guilt of the accused, but to establish the corpus delicti, the rule that the circumstances proved should exclude every other reasonable hypothesis save the guilt of the accused should not be relaxed; but it does not follow that the criminal must go unwhipped of justice because absolute proof is not presented by the State. If there be enough shown to convince the jury beyond a reasonable doubt that the guilt of the accused has been established to the exclusion of every other reasonable hypothesis and no other reasonable hypothesis is suggested by the evidence and there is nothing to indicate that the jury failed to accord to the defendant every consideration to which he was entitled, a review-

ing court will not arbitrarily say that the conviction should be set aside." *Wade v. State*, 16 *Ga. App.* 163, 167 (84 S. E. 593). "To sustain a conviction, it is not required that the evidence exclude every possibility or every inference that may be drawn from proved facts. It is only necessary to exclude reasonable inferences and reasonable hypotheses which may be drawn from the evidence under all the facts and circumstances surrounding the particular case." *Graves v. State*, 71 *Ga. App.* 96, 99 (30 S. E. 2d 212); *Smith v. State*, 64 *Ga.* 605.

The defendant, Clifford Reese, was jointly indicted with James Reginald Crawford, alias Reggie Crawford, for the arson, on March 17, 1956, of a storehouse and place of business of Yancey Brothers located at 110 Jackson Street, N. E., in the City of Atlanta. The defendant, Reese, elected to sever and upon his trial was found guilty of arson in the second degree and sentenced to serve not less than 3 nor more than 5 years in the penitentiary. His motion for a new trial based solely upon the general grounds was denied and he assigns error upon that judgment.

Beverly M. Yancey testified that he worked for Yancey Brothers and their place of business was located in the City of Atlanta, Fulton County, Georgia, on the southwest corner of Jackson and Irwin Streets; that sometime between Friday, March 16th, and Saturday, March 17th, there was a fire at their place of business which was a wooden frame building. He knew Reggie Crawford but did not know the defendant Reese. He saw Crawford near their place of business on Friday, March 16th, and when Crawford saw him drive up, Crawford drove off in a hurry.

W. B. Blackwell, a detective for the City of Atlanta, testified that he saw the defendant and Crawford together on Saturday, March 17, 1956, after 9 o'clock in the morning in room 7-B at the Clairmont Hotel. They were together; no one else was in the room with them. The defendant and Crawford talked with him freely and voluntarily told him that he and Crawford were together the night before and that they did spend the night together in the hotel. Crawford and Reese had a 1950 Oldsmobile Tudor automobile sitting in the rear of the hotel in the parking lot. Crawford pointed it out to them; the tag number was J-43617. Before they arrested Crawford, Crawford gave Reese the keys to the automobile. Reece was not put under arrest at that time.

G. T. Webb, Captain of the Atlanta Fire Department, testified that on the night of March 16th-17th, 1956, he responded to a fire call at Jackson and Irwin Streets. The fire was at the southwest corner of Jackson and Irwin Streets at Yancey Brothers. They arrived at the scene at approximately 12:06 a.m. When they arrived there they found a free-burning fire. There was rubbish, leaves and paper gathered there and a strong odor of some petroleum product, either gasoline or kerosene. The blaze was about 6 or 8 feet high and had caught the side of the building located right next to the sidewalk on Irwin Street. They did not find any gasoline or kerosene containers in the vicinity of the fire.

A Lieutenant Parker testified that he got to the scene of the fire about 12:30 a.m. and found nothing in the building which would cause spontaneous combustion. The fire was located at the rear of the building and the charring of the building was about 2 or 3 feet above the ground and was to the right of the sidewalk. There was a burned out area on the ground of approximately 2 or 3 feet in a semi-circle. He testified that he had been fighting fires for 18 years and had been actively assigned to fire investigation for the past 7 years; had attended various fire-fighting training schools plus attending arson seminars on four different occasions. Based upon his experience and investigation, it was his opinion that the fire was of an incendiary origin.

Willie Roy Greer testified substantially that on the night of March 16-17, he was in a grill, Cato's place, across Irwin Street from Yancey Brothers. That the defendant came in between 11:30 p.m. and 12:00 o'clock, midnight, and asked for a bottle of beer, but Cato refused to sell him any beer. The defendant Reese stood there a few minutes and Cato told him again he couldn't sell him beer. Reese started out the door and slammed the door in Cato's face. About 10 minutes later, the witness went out and walked down the street to the corner of Jackson and Irwin across from Yancey Brothers. He saw the defendant Reese come off the Irwin Street side of the yard of Yancey Brothers. There was a black Oldsmobile sitting on the corner from where the defendant came out from behind the building and another person was in the car whom the witness could not iden-

tify, and they went out Irwin Street toward Decatur. About 15 or 20 minutes later, this same car came back to the same place from which it had departed, came around the corner in front of Yancey Brothers on Jackson Street a few steps from the corner of Irwin Street and stopped. One of the two people in the automobile got out and went toward the door. The man got back into the automobile and they departed going out Irwin Street toward Decatur. The witness went back to Cato's place and called the police. When he came out, Yancey Brothers place was burning. On cross-examination, this witness testified that the man who got out of the automobile seemed to be the same man that came into the grill, the defendant Clifford Reese.

E. A. Greer testified that on Friday night, March 16th, between 11:30 and 12:00 o'clock, he drove through the intersection of Jackson Street and Irwin Street and passed the front of Yancey Brothers. He was gone about 5 minutes and when he returned to the intersection, the same car was sitting there that had been there when he first turned out Irwin Street going east. It was a 1950 black Oldsmobile Tudor sitting on the right side of Irwin Street headed toward Decatur. He saw one man against the building standing there at the fence striking matches and throwing lighted matches over against the building. He saw him strike 3 and throw them over where he later saw the fire. There was also a man sitting in the Oldsmobile whom the witness identified as the other defendant, Reggie Crawford. He could not positively identify Reese as the man standing against the building. He wrote down the tag number of the automobile on a piece of paper and gave it to Mr. Blackwell. The tag bore the number J-43617, the same number which was on the Oldsmobile in the possession of the defendants the following morning. He positively identified the defendant Reggie Crawford as the driver of the automobile.

From all of this it will be seen that there is direct evidence of the burning of the building described in the indictment and of the fact that a criminal agency was the cause of the burning. The jury was authorized to infer from all the facts and circumstances that the defendant was directly connected as a participant with the commission of the crime charged.

Under the foregoing principles of law and the view which we

take of the evidence adduced upon the trial, the trial court did not err in denying the motion for a new trial based solely upon the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*