## 55506. COOK v. THE STATE.

BIRDSONG, Judge.

Cook brings this appeal from her conviction for first degree arson. She enumerates several alleged errors, only one of which, however, is necessary for consideration. The issue is the sufficiency of the evidence to support the conviction. *Held:*

1. As pertinent, the evidence, shows that Mrs. Cook had previously been married to Mr. Thompson, whose home was burned. Both Mrs. Cook and Mr. Thompson had re-married. On the day of the fire, Mr. Thompson, his present wife, and a 20-year-old son had all left the house by 7:45 a.m. During the day a smoldering fire started in the bed located in the bedroom of the Thompson home. The fire was limited to that room and the entire contents of the room were destroyed or damaged beyond further use. There was evidence that the bed was covered with an electric blanket, but expert evidence was offered that the fire did not appear to be electrical in source. There was an opinion that clothing might have been piled in the middle of the bed and started by use of a match; however, no affirmative support was offered for such an opinion. The only other evidence concerning the house was that the son's possessions had been removed from the house and piled on the ground in open view but some distance from the house. There was no evidence offered that anyone had been seen in the vicinity of the house at any time during the day of the fire, or that Mrs. Cook had been at or near the home at any time immediately preceding the fire.

Mrs. Cook offered unrebutted evidence of alibi. She presented evidence that the 20-year-old son had threatened to burn the house. She also offered evidence that this son had prevailed upon her to purchase a $32,500 fire insurance policy upon the house, that she had in fact purchased the policy on behalf of the son six months prior to the fire, and had filed a claim in his behalf a few weeks

after the fire. There were serious conflicts in her testimony as to this policy, e.g., the appearance of misrepresentation as to the date of Mrs. Cook's divorce, the beneficiary for whom the policy was purchased and other facts allowing an inference that the policy was purchased for a fraudulent purpose.

In an arson case, the corpus delicti consist in the proof of three fundamental facts: first, a burning; second, that a criminal agency was the cause of the burning; and, third, that the defendant was the criminal agency. *Hurst v. State,* 88 Ga. App. 798, 799 (78 SE2d 80). The evidence is clear and convincing that a house was burned. The evidence is less clear and hardly convincing that a criminal agency was the cause of the burning inasmuch as other, "innocent" agents (i.e., the malfunctioning electric blanket) may have caused the burning. Nevertheless, the "any evidence" rule will not allow this court to reject the jury's finding that a criminal agency was the cause of the fire. The third element, that Mrs. Cook was the criminal agency, is not so easy of accommodation. While we agree with an observation by the trial court that an insurance fraud might be made out, we can find no evidence to support a finding that Mrs. Cook was the agency that caused the fire in question or was in any way connected therewith. There is no evidence of threats, presence in the vicinity of the fire, or suspicious activity other than the insurance policy. The evidence of the insurance policy might well be evidence of a motive to burn, but it is equally consistent with an intent to defraud the insurer. We conclude, therefore, that the elements of the crime of arson were not clearly and satisfactorily proved. The evidence relied upon by the state to connect Mrs. Cook to the crime was consistent with Mrs. Cook's guilt, but being entirely circumstantial, we cannot ignore the appropriate rule pertaining to circumstantial evidence (see *Murray v. State,* 135 Ga. App. 264 (217 SE2d 293)) nor can we agree that the evidence was inconsistent with any theory other than that the appellant deliberately caused the burning. It follows that the evidence, as a matter of law, did not, as a whole, establish guilt beyond a reasonable doubt. *Wells v. State,* 97 Ga. 209, 210 (4) (22 SE 958). At best, the evidence in this case raises a suspicion against Mrs. Cook,

but we do not think it connects her with the crime beyond a reasonable doubt. *Williams v. State,* 85 Ga. 535, 538 (11 SE 859). See also.*Cheney v. State,* 61 Ga. App. 726 (7 SE2d 335).

2. In view of our disposition of the enumeration of error based on the general grounds, we need not adjudicate the remaining enumerations.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

Submitted February 28, 1978 — Decided April 28, 1978 — Rehearing denied June 22, 1978 — ▮

*Alfred D. Fears, Floyd M. Buford,* for appellant.
*E. Byron Smith, District Attorney,* for appellee.