## 55783. MURDEN v. THE STATE.

SUBMITTED MAY 1, 1978 — DECIDED
MAY 17, 1978.

*Eric Welch,* for appellant.

*Lewis R. Slaton, District Attorney, Melvin H. Jones, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.

DEEN, Presiding Judge.

An eyewitness, hearing a noise at the door of the apartment across the hall from her, went to her door and identified the defendant as a man kicking the door of the other apartment. She saw the doorknob finally fall off and the defendant enter. After some ten minutes she saw the defendant leave, and saw that smoke was billowing out of the apartment door. A fire had been set under and around the mattress of the ex-girlfriend's bedroom. The latter testified that the defendant called her at work on the day in question, after the fire had been set, and had said "that he wasn't through with me yet and he wished me and my baby was in flames."

1. Three things are necessary to sustain a conviction for arson: that the real property alleged in the indictment was in fact burned, that its cause was a criminal agency, and that the defendant was that criminal agency. *Hurst v. State,* 88 Ga. App. 798 (78 SE2d 80) (1953). The latter may be proved by circumstantial evidence. *Reese v. State,* 94 Ga. App. 387 (94 SE2d 741) (1956). From the description of the manner in which the mattress had been moved and inflammable items piled under it there is no doubt that the fire was deliberately and illegally started. An eyewitness saw the defendant feloniously enter prior to any odor of smoke or burning and exit while the fire was still in progress. The evidence supports the verdict.

2. Under these circumstances the defendant's illegal

entry at the time the fire was set, unexplained, has probative value in indicating he was the person who set it. It is true that there are cases where mere presence at the scene of illegal activity, such as a whiskey still, is not alone sufficient to convict, as there must be other acts tending to connect the defendant with the criminal activity. *Brown v. State,* 87 Ga. App. 244 (73 SE2d 502) (1952). Under the circumstances set out here it would have been error to charge the jury that the defendant's "mere presence" in the apartment would not permit an inference that he knew a crime was being committed. The trial court properly refused to charge as requested.

*Judgment affirmed. Smith and Banke, JJ., concur.*