## 65283. MERRITT v. THE STATE.

SHULMAN, Chief Judge.

Police arrested appellant after a consent search of his vehicle unearthed a spoon attached to a bottle containing a white powdery substance. Appellant was subsequently convicted of possession of a controlled substance, and he now appeals from that judgment.

1. In his first enumeration of error, appellant asserts that testimony concerning two statements made by him to the police was admitted into evidence despite the state's failure to comply with appellant's discovery request under Code Ann. § 27-1302 (OCGA § 17-7-210).

One of the arresting police officers testified that after police had stopped a car driven by appellant's wife, appellant drove up and inquired about the situation. All parties agreed to move their vehicles to a closed service station to alleviate a traffic problem, and there appellant consented to a search of his automobile. When the bottle was discovered, appellant told the police to stop searching. After he was placed under arrest and given his Miranda rights, appellant stated that he did not know what the bottle contained and suggested that the contents be disposed of and the incident forgotten.

Code Ann. § 27-1302 (a) provides that, upon written request, "[a]t least 10 days prior to the trial of the case, the defendant shall be entitled to have a copy of any statement given by him while in police custody." "Failure of the prosecution to comply with a defendant's timely written request for a copy of his statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case in chief or in rebuttal." Code Ann. § 27-1302 (c); *Walraven v. State,* 250 Ga. 401 (2) (297 SE2d 278). The record contains appellant's timely written request based on Code Ann. § 27-1302 for such statements.

Appellant's request that the officers suspend their search of his car is not a statement covered by Code Ann. § 27-1302 (a) since it was not "given by him while in police custody." Testimony about that statement was, therefore, properly admitted. However, appellant's second remark comes within the ambit of Code Ann. § 27-1302 (a) since it was made while appellant was in police custody. The failure of the prosecution to comply with appellant's discovery request should have resulted in the exclusion and suppression of that statement. Code Ann. § 27-1302 (c). The trial court erred in admitting rebuttal testimony about appellant's remark (*Garard v. State,* 159 Ga. App. 248 (283 SE2d 27)), and the error was not harmless. Compare *Wallin v. State,* 248 Ga. 29, 32 (279 SE2d 687). Accordingly, the judgment of the trial court must be reversed and remanded with direction that

testimony and evidence arising from appellant's statement be excluded and suppressed from any retrial of this case unless and until the district attorney has fully complied with the provisions of Code Ann. § 27-1302; *Walraven,* supra; *Tanner v. State,* 160 Ga. App. 266, 268-9 (287 SE2d 268).

2. Citing Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), appellant filed a discovery motion in which he sought the identity of any informants involved in the case. He now asserts as error the trial court's failure to conduct a hearing on the motion for disclosure of the informant's identity.

"*Thornton v. State,* 238 Ga. 160, [165, 166] (231 SE2d 729) (1977) established that 'whenever the disclosure of an informer's identity is raised by a Brady motion . . . the trial court must (1) conduct a hearing on the merits of the Brady motion (to wit: whether the state has evidence favorable to the accused that is material to guilt or punishment) and (2) consider the balancing requirements of Roviaro v. United States, 353 U. S. 53 (77 SC 623, 1 LE2d 639), (to wit: balancing the public interest in protecting the flow of information against the individual's right to prepare his defense).' " *Stiggers v. State,* 151 Ga. App. 546, 549 (260 SE2d 413). If it is proven to the court's satisfaction that the informant is a pure tipster, his identity would be privileged. *Thornton v. State,* supra, at 165.

Here, as in *Thornton,* no pre-trial hearing was held. Furthermore, there was no evidence received at any stage of the proceedings from which the trial court could make a determination that the informant was a pure tipster. It was, therefore, error to fail to conduct a hearing on the merits of appellant's motion. *Thornton v. State,* supra; *Stiggers v. State,* supra. Such a hearing must be held prior to the commencement of appellant's new trial.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 2, 1983.

*M. Lynn Young,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.