## 67241. CAMPBELL v. THE STATE.

QUILLIAN, Presiding Judge.

John W. Campbell appeals his conviction of the offense of arson. Campbell, an attorney, was representing Kurt Gonsenhauser in a bankruptcy proceeding in the fall of 1981. Gonsenhauser was the owner and operator of a convenience store and had experienced financial difficulties in repayment of a loan to a doctor who was charging him 40% interest (prime plus 25%) on a loan. On June 6, 1982, a Sunday, Gonsenhauser had planned to go fishing but one of his two ice machines had burned out a motor and he spent the day working on the remaining ice machine to insure that he had one machine to supply ice for sale. He had taken the ice machine apart and used an alcohol solvent as a degreaser. He tired of working on that project and painted a sign for a new service he was offering his customers the following day. After he finished painting the sign he called Campbell and told him to come over and pick up some pork chops as he had a fresh pork loin and Campbell liked center cut pork chops. Campbell went to Gonsenhauser's store and they opened a beer and talked while the pork chops were being cut. After the beer was finished, Campbell picked up his pork chops and carried them out to his car. He then told Gonsenhauser good-bye and Gonsenhauser "said something like, 'Come on and let me show you my one apple.'" Gonsenhauser had planted some dwarf apple trees behind the store and one tree had one apple hanging on it. While they were behind the store, they looked at the remaining apple trees, the grape vines, the strawberry patch and some bay bushes. Campbell thought he smelled smoke but Gonsenhauser said that it was probably the garbage pit where he burned all the garbage. Shortly thereafter as they turned to walk back to the store they saw smoke and flames coming from the store. The front door had been locked when they left to go behind the store to see the garden area. Gonsenhauser unlocked the front door and attempted to enter the building to use the phone to call the police and to fight the fire. The fire was too hot. They called the fire department from an outside pay

phone. The firemen arrived within a few minutes.

There was evidence that Gonsenhauser reentered the burning building to get his cat out and another time to get the money out of the cash register. He had left both of his trucks parked adjacent to the store and he had to move them. Campbell had parked his car beside the building and he had to move it away from the fire. After firemen arrived and were fighting the fire, they asked Gonsenhauser to leave the building several times as he was trying to remove "his records" from the building.

The local investigator and the state's expert were of the opinion that the fire was of incendiary origin as the "burn patterns" showed the fire could have started in four or five different places. They were also of the opinion that a flammable liquid burn pattern on the floor showed that an accellerant had been used to start the fire. The expert for the defendant was of the opinion that the fire was not intentionally set. He found no burn patterns testified to by the state's experts. He also concluded that there was no evidence that a combustible or flammable liquid was used. The state had taken samples from the fire debris and forwarded them to the State Crime Laboratory for testing. The results were not introduced. The defendant's expert said the report showed accelerants were not used. This statement was not contested by the state.

One of the firemen stated that he had spoken with Gonsenhauser following the fire and had been told that Gonsenhauser had been working on a TV just prior to the fire, but at the time the fire was first seen he and Campbell had been behind the store for two minutes. This fireman had also submitted a written summary of the fire. He thought he had placed the information about the TV and the "two minutes" in his report. His summary showed that Gonsenhauser told him he had been working on an appliance and there was no mention of the "two minutes."

Patricia Sharp testified that on the afternoon of the fire she was working in her garden, which was behind the Gonsenhauser garden. She heard a noise which sounded like a gunshot but saw nothing. Shortly thereafter she heard sirens and then saw smoke and flames coming from the direction of Gonsenhauser's store. They had not seen anyone in the area behind the store prior to the fire. In response to the question: "Were you in a position to where you could see it from the Garden?" She replied: "No, not from the garden." June Willoughby said that she had taken her father-in-law to the pharmacy to fill a prescription shortly before the store closed at 7:30 p.m. After she left the pharmacy, they had to drive by Gonsenhauser's store on the way home. She saw Gonsenhauser and another man in front of his store, "they were just about finished with

the conversation it seemed to me like . . . He was fixing to walk off." She saw Gonsenhauser "motioning with his hands in some fashion . . ." The state contends this evidence shows that Gonsenhauser and Campbell were not behind the store as they claimed. Campbell and Gonsenhauser were found guilty of arson. Campbell brings this appeal. *Held:*

Defendant contends the circumstantial evidence was insufficient to establish his guilt of the offense charged. We agree and reverse. Three elements are necessary to sustain a conviction of arson: (1) the property alleged in the indictment was in fact burned, (2) its cause was a criminal agency, and (3) the defendant was the criminal agency. *Hurst v. State,* 88 Ga. App. 798, 799 (78 SE2d 80); *Murden v. State,* 146 Ga. App. 51 (1) (245 SE2d 363). It is not contested that the property alleged in the indictment burned. The evidence is in conflict as to whether such burning was caused by a criminal agency. However, pretermitting the issue of whether the burning was of incendiary origin, we find the circumstantial evidence that Campbell was a participant, or conspired with the active participant, to be insufficient to exclude every reasonable hypothesis save that of guilt of the accused.

To warrant a conviction of an accused on circumstantial evidence, as in the instant case, the proved facts must not only be consistent with guilt, "but. shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code Ann. § 38-109 (OCGA § 24-4-6). Evidence which raises only suspicion of guilt is insufficient. *Williams v. State,* 85 Ga. 535 (11 SE 859); *Williams v. State,* 123 Ga. 278 (51 SE 344).

The state's evidence showed nothing more than mere presence at the scene of the fire, and "mere proof of the accused's presence at the scene of the crime, without any evidence to show further participation in the commission of the crime is insufficient to authorize a conviction." *Muhammad v. State,* 243 Ga. 404, 405 (254 SE2d 356). Further, a showing of mere presence at the scene is not sufficient to show a conspiracy with the active participant. *O'Neal v. State,* 239 Ga. 532 (1) (238 SE2d 73). "Even approval of the act, not amounting to encouragement, will not suffice." *Brown v. State,* 250 Ga. 862, 864 (302 SE2d 347); accord: *Parker v. State,* 155 Ga. App. 617, 618 (271 SE2d 871); OCGA § 16-2-20 (formerly Code Ann. § 26-801). There was a conspicuous absence of any evidence to show intent, motive, participation, conspiracy, counselling or encouragement of another party. Accordingly, we find the evidence to be insufficient to show the criminal agency of the defendant. *Cheney v. State,* 61 Ga. App. 726 (7 SE2d 335); accord: *Kinsey v. State,* 12 Ga. App. 422 (4) (77 SE 369); *Williams v. State,* 17 Ga. App.

316 (86 SE 734); *Ivey v. State,* 27 Ga. App. 777 (110 SE 324); *Pyant v. State,* 46 Ga. App. 490, 493 (167 SE 922); *Williams v. State,* 85 Ga. 535, 538, supra; *Bell v. State,* 93 Ga. 557 (19 SE 244); *Ross v. State,* 109 Ga. 516 (35 SE 102); *Green v. State,* 111 Ga. 139 (36 SE 609); *Williams v. State,* 123 Ga. 278, supra.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 25, 1983 —
REHEARING DENIED DECEMBER 5, 1983 —

*A. Kristina Cook Connelly, Bobby Lee Cook,* for appellant.
*Frank C. Winn, District Attorney,* for appellee.