68165. POWELL et al. v. THE STATE.

POPE, Judge.

Appellants Cord Powell and his wife, Sherry Marcella Powell, appeal their jury convictions for the offense of arson in the first degree in the December 25, 1982 fire which destroyed their mobile home.

1. Appellants first challenge the verdict based upon an asserted insufficiency of evidence to prove that they committed the crime charged. "Three things are necessary to sustain a conviction for arson: that the real property alleged in the indictment was in fact burned, that its cause was a criminal agency, and that the defendant was that

criminal agency. *Hurst v. State*, 88 Ga. App. 798 (78 SE2d 80) (1953). The latter may be proved by circumstantial evidence. *Reese v. State*, 94 Ga. App. 387 (94 SE2d 741) (1956)." *Murden v. State*, 146 Ga. App. 51 (1) (245 SE2d 363) (1978).

"Every fire is presumed to be accidental or providential. The burden is on the State, in a case of the sort before us, to prove that the fire was of an incendiary origin and that the [persons accused] did the burning. [Those accused], having been convicted by a jury and [those convictions] having been approved by the trial court in overruling the motion for a new trial, it is incumbent upon a court of review to construe the evidence in a light most unfavorable to [those accused]. This is true, for every presumption is in favor of such a verdict." *Lockhart v. State*, 76 Ga. App. 289, 293-4 (45 SE2d 698) (1947). The evidence viewed in such a light shows the following: In August 1982 appellants bought the subject mobile home, with a three-room addition attached, located at 4105 Cleveland Highway in Whitfield County, Georgia. The purchase price was $6,000 of which appellants had paid $5,000 at the time of the fire; the remaining $1,000 was past due. The residence was first insured by appellants in the amounts of $20,000 on the structure and $10,000 on the contents. This policy was cancelled by appellants on December 17, 1982 because their residence did not comply with the terms of the mobile home policy which required that appellants own the land on which the home was located. Appellants took out a policy with Allstate Insurance Company on the same day, December 17, 1982. This policy was a replacement type which essentially provided that, in the event of its destruction, the insurer would replace the structure as opposed to paying its cash value to the insured. Under the Allstate policy, the structure was insured for $14,900 with additions of $10,000 and contents of $12,500.[1]

The fire was first reported at 8:54 p.m. by a neighbor who heard an explosion and ran into her yard to see the mobile home on fire. The fire department responded to the neighbor's call in approximately five minutes to find the whole structure ablaze and the doors locked. Due to the strong fuel odors within the structure, the degree of fire involvement, the intensity of the fire and difficulty in extinguishing it, the firefighters testified that they did not believe the fire to have been accidental. Laboratory analysis of the debris sampled from various areas of the structure clearly showed the presence of incendiary accelerants. Although appellants had left and locked the trailer approximately twelve hours prior to the fire, the State offered testimony to show that the stove was used as a time-delay device to

---

[1] Allstate cancelled this policy effective January 9, 1983 because, in contravention of the terms of the policy, the mobile home was more than seven years old. On the date of the fire, December 25, 1982, however, there was binding coverage.

ignite the accelerants present throughout. According to this evidence, a skillet containing the remains of a corrugated cardboard box soaked in diesel fuel was found within the oven, the door of which was found open. Evidence as to whether the oven or a burner had been left on was inconclusive. "Pour patterns" from the liquid accelerants were determined. Appellants submitted that flammable liquid determined to have been present were normally stored in their mobile home; i.e., kerosene, gasoline, and Coleman fuel. Evidence showed that the stove and oven within it served as the ignition point and its electrical malfunction was eliminated as a possible cause of the fire.

From the foregoing evidence, the jury could properly determine that the fire was caused by a criminal agency. In support of the State's theory that appellants were such criminal agency, the State presented evidence of motive. Such evidence centered upon appellants' difficult financial condition in 1982 prior to the fire. Appellants repeatedly applied for credit using various addresses and listing various employers and amounts of income. Once extended credit, they made purchases, running up their bills, and failed to keep their accounts current. They had, prior to December 1982, rented a miniwarehouse in Calhoun, Georgia for storage of certain items and furnishings. On December 24, 1982 Mrs. Powell rented a larger storage facility there, attempting to use a different name. Mrs. Powell had instructed the telephone company to disconnect the telephone service to the mobile home effective December 7, 1982, leaving as a forwarding address a post office box in Ringgold, Georgia. In November 1982 Mr. Powell had made inquires in Ocala, Florida about moving there to open a travel-trailer business. The foregoing evidence is consistent with the State's assertion of appellants' motive; that is, that appellants planned to destroy their home, have it replaced with another in a different location pursuant to the insurance policy, thereby escaping their creditors.

"To set aside the [convictions], it is not sufficient that the circumstantial evidence show that the act might by bare possibility have been done by someone else. [Cit.] It must exclude every reasonable hypothesis save the guilt of [those] accused, which is primarily a question for determination for the jury. [Cit.] An appellate court has no yardstick to determine what in a given case is a reasonable hypothesis except to rely on the informed and weighed conclusions of twelve intelligent jurors. The jurors in this case heard the [witnesses], and are better qualified to judge the reasonableness of a hypothesis raised by evidence (or its lack) than is this court which is restricted to a cold record and to issues of law. [Cit.] On the basis of the evidence presented to the trier of fact, we are satisfied that such trier of fact could be satisfied beyond reasonable doubt by legal and competent evidence that [appellants'] guilt was fully established. [Cit.]" *Burns v.*

*State*, 166 Ga. App. 766, 769 (305 SE2d 398) (1983). See also *Whitten v. State*, 143 Ga. App. 768 (5) (240 SE2d 107) (1977); *Powell v. State*, 142 Ga. App. 641 (3) (236 SE2d 779) (1977).

2. Appellants next urge this court to set aside their convictions based upon allegations of prosecutorial misconduct.

(a) Appellants cite as error the trial court's denial of their motion to exclude the testimony of Frank Catalanotto, whose name was not provided to the defense on the State's original list of witnesses. Instead, Mr. Catalanotto's name was furnished to appellants on an amended list served upon defense counsel on May 27, 1983, prior to the call of the case and trial beginning on May 31, 1983. The prosecutor stated to the court that he had "found out about" Mr. Catalanotto on May 26 or 27, 1983 and defense counsel admitted that he had interviewed him prior to trial. When asked by the trial court if more time was needed for interviewing the witness, defense counsel stated that it was not. Prior to denying the motion, the trial court noted that the motion was to exclude the testimony, and specifically stated that counsel had not moved for a mistrial or for a continuance either at the call of the case or at trial.

OCGA § 17-7-110 "authorizes the sanction of exclusion of the witnesses' testimony but same is not mandatory where the trial judge in his discretion determines that the defendant can be protected by some other form of relief. [Cits.] Relief for such violations of the statute may be achieved by motions for mistrial or continuance, as the trial judge suggested here, the denial of which would present for review the question of abuse of the trial court's discretion." *Davis v. State*, 135 Ga. App. 203, 207 (217 SE2d 343) (1975). We find no error in denying the motion to exclude. Further, we find no merit in appellants' allegations of prosecutorial misconduct regarding any aspect of Mr. Catalanotto's testimony.

(b) Appellants complain of prosecutorial misconduct regarding the connection between the State and Ron Kibble, a fire investigator for the Whitfield County Fire Department, who was called as the State's first witness and allowed to remain to assist the prosecutor. We note that the only instance in which Kibble's conduct was challenged before the trial court related to appellants' assertion that Kibble had communicated with a juror. The trial court conducted a thorough inquiry into this allegation outside the presence of the jury as a whole. At the conclusion of testimony on this matter, appellants withdrew the motion for mistrial. Thus, review of this issue is waived on appeal as are appellants' other contentions regarding misconduct involving Kibble. "It is well settled that this court will not consider issues raised for the first time on appeal." *Coggins v. State*, 168 Ga. App. 12, 13 (308 SE2d 36) (1983).

(c) Appellants allege prosecutorial misconduct involving support

furnished the State by Allstate Insurance Company in the prosecution of this case. A review of the transcript reveals that defense counsel pointed out to the jury the extent of Allstate's involvement by developing this connection through thorough questioning. However, at the point at which counsel sought to impugn the motives of the prosecutor through such questioning, the prosecutor objected. The trial court stated that the line of questioning was permissible, but explained to counsel that prosecutorial misconduct was itself not a question for the jury. Instead, such question was one for the court and the court reminded counsel that he had made no motion in this regard. Counsel did not respond with a motion, choosing to continue the permissible line of questioning. As in the preceding subdivision, no ruling of the trial court was invoked, thus presenting nothing for review on appeal.

(d) Prosecutorial misconduct is also alleged in appellants' assertion of an "indirect Brady issue" in that the State failed to disclose certain material pursuant to appellants' request under Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) and OCGA § 17-7-210. Error assigned to the admission of a tape-recorded conversation between a defense witness and Kibble is without merit. Since there was no objection at the time it was offered, the objection is waived and appellate review precluded. See *Yeargin v. State*, 164 Ga. App. 835 (6) (298 SE2d 606) (1982).

Appellants also assert that the trial court erred in admitting over objection the signed statement of Mr. Powell given to and written by an Allstate Insurance Company claims adjuster, Mr. Netherland. The statement, made in connection with Powell's insurance claim on account of the fire, was given January 3, 1983, three months prior to appellants' indictments. We find no violation of the Brady Rule. Mr. Powell's own statement was the subject of the Brady motion. "Thus, this was not information unknown to the defense and subject to discovery under Brady. Furthermore, the evidence his motion sought was introduced to the jury in entirety, and a favorable inference, if any, could be drawn by the jury." *Cunningham v. State*, 248 Ga. 558, 561 (284 SE2d 390) (1981). The record reveals that Netherland testified and that appellants' counsel conducted a thorough cross-examination and further questioned Mr. Powell regarding the statement during direct examination. See also *Carter v. State*, 246 Ga. 328 (271 SE2d 475) (1980); *Sell v. State*, 156 Ga. App. 333 (2) (274 SE2d 723) (1980). Additionally, appellants have failed to show that the statement was material to their defense. " 'The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense.' [United States v. Agurs, 427 U. S. 97, 109 (96 SC 2392, 49 LE2d 342) (1976).]" *Baker v. State*, 245

Ga. 657, 662 (266 SE2d 477) (1980). See also *Wallin v. State*, 248 Ga. 29 (6) (279 SE2d 687) (1981).

The trial court overruled appellants' objection to the admission of the undisclosed statement based upon the fact that the statement was not given while Mr. Powell was in custody. Therefore, reasoned the trial court, no violation of OCGA § 17-7-210 occurred. OCGA § 17-7-210 "protects an accused from the introduction at trial of incriminating or inculpatory statements made by him *while in custody* unless he has been furnished with written copies of these statements prior to trial." (Emphasis supplied.) *Wallin v. State*, supra at 32. First of all, we do not find the statement at issue to be incriminating or inculpatory. Rather, if anything, it supports the version of events given by appellants at trial. Moreover, we agree with the trial court that the statement was not subject to disclosure under OCGA § 17-7-210 as it was not given while Mr. Powell was in custody and is not the product of "custodial interrogation." See *Franklin v. State*, 166 Ga. App. 375 (2) (304 SE2d 501) (1983); *Yeargin v. State*, supra. See generally *Merritt v. State*, 165 Ga. App. 597 (1) (302 SE2d 136) (1983); *Williams v. State*, 165 Ga. App. 69 (3) (299 SE2d 402) (1983). Compare *Walraven v. State*, 250 Ga. 401 (2) (297 SE2d 278) (1982).

3. Appellants' final enumeration of error asserts that Mr. Powell's character was improperly placed in issue when the State was allowed to introduce evidence of his prior judgment of contempt for child support arrearages. The judgment in the amount of $1,100 was filed May 18, 1982. The evidence was introduced during cross-examination of Mr. Powell over the objection of his counsel. The trial court allowed it in, along with voluminous records previously admitted to show appellants' poor credit history for the period prior to the fire, to show motive relative to appellants' financial condition during 1982. On re-direct examination, Mr. Powell stated that he was never arrested on the contempt citation, but he could not remember or affirmatively state that the judgment had been satisfied.

We are not prepared to say today the judgment at issue here placed Mr. Powell's character in issue as it was not evidence of a prior criminal act or one of moral turpitude. However, we need not address this. Pretermitting the character objection raised by appellants is the evidentiary principle upon which the trial court correctly relied. Even if the evidence placed his character in issue, such evidence was, nevertheless, admissible to show motive in committing the crime of arson. See *Causey v. State*, 154 Ga. App. 76 (3) (267 SE2d 475) (1980). "Where knowledge, motive, intent, good or bad faith, and other matters dependent upon a person's state of mind are involved as a material element in a particular criminal offense for which the defendant is on trial, and the defendant has engaged in a course of conduct at or about the same time the act in question was committed, and these

transactions are such as to illustrate the state of the defendant's mind on the subject involved, proof of them may be received." (Citations and punctuation omitted.) *Metts v. State*, 162 Ga. App. 641, 642 (291 SE2d 405) (1982). No error was committed in allowing this evidence to show motive based upon appellants' financial condition.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 10, 1984 —
REHEARING DENIED JULY 31, 1984 —

*Rickie L. Brown, Richard L. Roble, Bobby Lee Cook*, for appellants.

*Stephen A. Williams, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.