A94A1349. STEIDL v. THE STATE.
(449 SE2d 644)

RUFFIN, Judge.

Jack Steidl appeals his conviction of first degree arson.

The State's evidence viewed in the light most favorable to the jury's verdict, shows the following facts. Shortly after midnight on July 28, 1991, the fire department responded to a call that Steidl's house was on fire. Due to the rapid spread of the fire, the fire chief who was at the scene classified it as suspicious. A county fire investi-

gator testified that he found several indications of suspicious activity, including the odor of gasoline and evidence of connected "pour patterns" down the hall of the house, leading him to the conclusion the fire was intentionally started.

The ex-boyfriend of Steidl's daughter, Sonny Lewis Farmer, later confessed to starting the fire and implicated Steidl. At trial, Farmer testified that Steidl had given him explicit instructions of how to start the fire and threatened his life if he did not do as Steidl instructed. On the evening of the fire, Farmer entered the house and found matches that Steidl had left for him and a jug of gasoline with a wick in it that Steidl had placed in a closet. Farmer testified he lit the wick, as Steidl had instructed, and the jug erupted into a big ball of fire.

An insurance investigator for Steidl's insurance company testified that Steidl was almost $3,000 behind on his mortgage payment and had received a letter on June 25, 1991, stating that if he did not cure the delinquency by July 26, 1991, the lender would initiate foreclosure proceedings. Furthermore, Steidl was behind on payments to numerous other creditors, and the gas company had recently disconnected service for non-payment.

Steidl's daughter and son testified that prior to the fire, Steidl had commented that he could get out of debt with insurance money if the house were burned down. The daughter further testified that on the day of the fire, she had observed him placing newspapers and jugs containing orange liquid in the middle of the house. Finally, the daughter stated that as she and Steidl left the house that day, Steidl locked and closed the back door, then kicked it in to make it look like someone had broken in.

Steidl argues that to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6.

Steidl's challenge to the sufficiency of the evidence is without merit. "A person commits the offense of arson in the first degree when, by means of fire or explosive, he knowingly damages or knowingly causes, aids, abets, advises, encourages, hires, counsels, or procures another to damage . . . [a]ny building . . . or other structure of another without his consent or in which another has a security interest. . . ." OCGA § 16-7-60 (a) (2). "Three elements are necessary to sustain a conviction of arson: (1) the property alleged in the indictment was in fact burned, (2) its cause was a criminal agency, and (3) the defendant was the criminal agency. [Cits.]" *Campbell v. State*, 169 Ga. App. 112, 114 (312 SE2d 136) (1983); *Powell v. State*, 171 Ga. App. 876 (1) (321 SE2d 745) (1984). " 'The latter may be proved by circumstantial evidence. [Cit.]' [Cit.]" Id. at 877.

" 'The jurors in this case heard the (witnesses), and are better qualified to judge the reasonableness of a hypothesis raised by evidence . . . than is this court which is restricted to a cold record and to issues of law. (Cit.)' " Id. at 878. Although Steidl denied conspiring with Farmer to burn the house down, "it is the task of the jury to weigh the evidence, determine credibility, and resolve conflicts in the testimony. This Court does not reweigh the evidence, but only determines whether it is legally sufficient." Pitts v. State, 209 Ga. App. 47, 48 (1) (432 SE2d 643) (1993).

In this case, it is uncontroverted that the property was burned and that the cause was a criminal agency. Moreover, the State's theory that Steidl was the criminal agency was supported by evidence of motive. Powell, supra at 878. Therefore, the foregoing evidence was sufficient to enable the jury to find Steidl guilty of arson beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); Powell, supra at 878.

Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.

DECIDED OCTOBER 21, 1994.

Gary N. Struletz, for appellant.

Thomas J. Charron, District Attorney, Thomas A. Cole, Kenneth T. Israel, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, for appellee.